**Austin TODD et ux., Appellants,**

**v.**

**HILL'S, INC., Appellee.**

**No. 16577.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 9, 1964.

Rehearing Denied Oct. 30, 1964.

Rawlings, Sayers, Scurlock & Eidson, and Richard J. Linton, Fort Worth, for appellants.

Harris, Ball & Davis, and Fred W. Davis, Arlington, for appellee.

LANGDON, Justice.

This is a slip-and-fall case. At the close of the plaintiffs' direct evidence an instructed verdict was rendered for the defendant. The propriety of the action of the court in instructing verdict is the only question before this court.

Mrs. Mae Todd contends she was injured when she slipped and fell as the result of stepping on a piece of lettuce while shopping in appellee's supermarket.

■ In order for the appellants to establish liability against the defendant, appellee herein, it is necessary to show: (1) that the defendant placed the lettuce upon the floor, or (2) the defendant knew the lettuce was on the floor and wilfully or negligently failed to remove it, or (3) that the lettuce had been upon the floor for such a period of time that in the exercise of ordinary care the defendant should have discovered and removed it. H. E. Butt Grocery Co. v. Johnson, 226 S.W.2d 501, 502 (San Antonio Civ.App.1949, ref., n. r. e.); Beard v. Henke & Pillot, Inc., 314 S.W.2d 844 (Beaumont Civ.App.1958, no writ hist.); O'Neal v. J. Weingarten, Inc., 328 S.W.2d 793 (Beaumont Civ.App.1959, ref.,

n. r. e.); Smith v. Safeway Stores, 167 S.W.2d 1044 (Fort Worth Civ.App.1943, no writ. hist.); Safeway Stores v. Miller, 110 S.W.2d 927 (Eastland Civ.App.1937, dismissed). See also 40 Tex.Jur.2d pp. 564–568, § 72, and 61 A.L.R.2d 6, together with cases cited therein.

The evidence introduced may be summarized briefly as follows: the plaintiff fell near the vegetable bin at about 2:15 P.M. After her fall she removed a piece of lettuce from one of her shoes. The piece of lettuce was either a portion of leaf, stalk, or butt. The store was full of people and several of them were ahead of the plaintiff. The testimony does not reflect that any one saw her fall. The general practice of the store was to trim all vegetables in a back room. Only on rare occasions were vegetables trimmed at the bin or counter where they were displayed for customers. On the rare occasions when vegetables were trimmed at the bin a square tub was placed on the floor below it to catch the trimmings and any trimmings which fell on the floor were placed in the tub after the trimming was completed. Each day the floor of the store was swept every fifteen to thirty minutes. There is no testimony that the vegetables were trimmed in the back room or at the vegetable bin on the day in question. There is no direct evidence or any evidence from which it can be inferred that the appellee or its employees rather than some customer dropped the particle of lettuce on the floor or that the appellee had notice of its presence on the floor or that it had been upon the floor for such a length of time that the appellee in the exercise of ordinary care should have known of it and taken action to remove it. There was evidence indicating the possibility of persons other than appellee or its employees dropping the lettuce upon the floor. Mrs. Todd's sister testified, "this type stuff looked like what someone may have dropped."

 Mere proof of the occurrence of the fall, coupled with proof that a piece of lettuce was upon the floor, is insufficient to show negligence on the part of the appellee.

There is a total absence of any testimony raising an issue of fact as to the appellee's liability under the rules above announced.

In our opinion the trial court correctly disposed of the controversy and its judgment is accordingly affirmed.

Affirmed.