**Theresa FONTENOT, Appellant,**

v.

**SEARS, ROEBUCK & COMPANY, Appellee.**

**No. 6779.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 3, 1966.

Rehearing Denied Feb. 23, 1966.

Waldman & Smallwood, Beaumont, for appellant.

Orgain, Bell & Tucker, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages for injuries received by plaintiff when she slipped and fell in defendant's store. At the close of plaintiff's testimony, the jury was instructed to return a verdict for defendant and judgment was rendered for defendant. The parties will be referred to here as they were in the trial court.

Plaintiff alleged in her petition that she slipped on a banana peel, fell and injured herself while shopping in defendant's store. She alleged that defendant was negligent in allowing the banana peel to remain on the floor, in failing to warn plaintiff, in failing to discover and remove the banana peel from the floor, and as follows:

"d.   In the event defendant, its agents, servants or employees had failed to discover and remove said banana peel, said item had been there for a sufficient length of time for the defendant's agents, servants or employees in the exercise of ordinary care, to have discovered and removed same."

It is agreed that there was no evidence that defendant put the banana peel on the floor, or that defendant knew the banana peel was on the floor. Plaintiff relies solely upon a cause of action based upon the banana peel having remained on the floor for such a period of time that it would have been discovered and removed by defendant exercising ordinary care. H. E. Butt Grocery Company v. Johnson, Tex.Civ. App., 226 S.W.2d 501.

It is also admitted that this court is governed by the rule set forth in White v. White, 141 Tex. 328, 172 S.W.2d 295, as follows:

"In determining whether it was proper to instruct a verdict in this case, we must view the evidence in the light most favorable to the petitioners, the losing parties. * * * We must indulge against the instruction every inference that may be properly drawn from the evidence. * * * And, if the record reflects any testimony of probative force in favor of the losing parties, we must hold the instruction improper."

It is uncontroverted that plaintiff slipped, fell and sustained an injury. The sole question on appeal is whether the evidence raised an issue of fact for the jury to determine.

It is the defendant's contention that proof as to the length of time the banana peel was on the floor was not sufficient of itself to raise an issue of fact for the jury. It is argued that plaintiff failed to show any other circumstance such as the size of the store, number of customers present, the location of the aisles, the number of employees on duty, the inspection and cleaning procedures, the lighting, the frequency of travel or other matters.

The witness, Dorothy Mae Royal, testified she saw a banana peel on the floor at the location plaintiff slipped, some twenty to thirty minutes before plaintiff slipped. Admittedly, the testimony is not extensive as to

the size and description of this Sears store. However, a reasonable interpretation of the evidence shows the store was of sufficient size to have a manager and assistant manager, and to have separate departments with department managers, and to have at least three floors, and to have entrances on Magnolia, Liberty and Broadway, and to have about 200 employees. The manager of the store testified there was a porter assigned to each floor and it was the porter's responsibility to keep the floors clear of debris. The testimony given by plaintiff showed the accident happened February 1st, 1962, around one o'clock when she slipped on a banana peel in the aisle at the material counter.

We have concluded the evidence raised an issue of fact for the jury to determine as to whether the banana peel had been on the floor a sufficient length of time for the defendant, in the exercise of ordinary care, to have discovered and removed it.

Reversed and remanded.