C. E. COFFEE, Individually and as next friend of his wife Floy Coffee, and Floy Coffee, Individually,

v.

F. W. WOOLWORTH COMPANY and Woolco Department Store.

No. 957.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Rehearing Denied Sept. 18, 1975.

Francis I. Gandy, Jr., Corpus Christi, for appellants.

B. Mills Latham, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a negligence case against a storekeeper. Mr. and Mrs. C. E. Coffee sued F. W. Woolworth Company and Woolco Department Store to recover damages for Mrs. Coffee's injuries she sustained while shopping in defendants' store in Corpus Christi, Texas, on December 15, 1970. In a trial to a jury the plaintiffs received favorable liability and damage findings. The trial court, however, rendered a take nothing judgment, non obstante veredicto, against the plaintiffs. The plaintiffs appeal.

While shopping in appellees' retail store, Mrs. Coffee tripped and fell over an empty "gondola" which was situated at the end of a merchandise display aisle. The "gondola", with a leg at each corner, was five feet square and approximately six inches high. In other words, it was a low table. As a result of her fall, Mrs. Coffee suffered the injuries for which she and her husband request damages.

At the trial of this cause, appellants asserted that the "gondola" was not readily visible because it was not covered with merchandise, and therefore its color blended with that of the floor of the store. Because the "gondola" was adjacent to an aisle or walkway, appellants contend that an unreasonably dangerous condition was thereby created. Appellants seek recovery on the theory that appellees were responsible for creating this unreasonably dangerous condition and allowing it to continue to exist; that appellees' conduct was negligent.

In response to special issues, the jury made liability findings that appellees created or maintained a dangerous condition by leaving the "gondola" in the condition and location where the accident occurred; that appellees knew or should have known of the dangerous condition; that the appellees were negligent in failing to warn Mrs. Coffee of the dangerous condition or to remove it; and that such failure was the proximate cause of the occurrence in question.

Appellant's brief presents five points of error. All of these points are directed at the action of the trial court in granting appellees' motion for judgment non obstante veredicto. We will consider all of these points together.

■ To sustain the action of the trial court in granting a motion for judgment non obstante veredicto, it must be determined that there is no evidence on which the jury could have made the findings relied upon. In our review, we must consider only the evidence favorable to the party against whom the motion was granted. Every reasonable intendment deducible from the evidence is to be indulged in such party's favor. *Gentry v. Southern Pacific Company*, 457 S.W.2d 889 (Tex.Sup.1970); *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962).

■ In order for appellants to prevail, as pointed out in *Medallion Stores, Inc. v. Eidt*, 405 S.W.2d 417, 420 (Tex.Civ.App.—Texarkana 1966, writ ref'd n. r. e.), they must show that appellees:

1. Knew or by the exercise of reasonable care would have discovered the condition, and should have realized that it involved an unreasonable risk of harm to such invitees.

2. And should have expected that their invitees would not discover or realize the danger, or would fail to protect themselves against it.

3. And failed to exercise reasonable care to protect their invitees against the danger.

■ So it follows that appellants cannot prevail on this appeal unless there is some evidence that appellees placed the empty "gondola" upon the floor; or knew (or should have known) that the empty "gondola" was on the floor and wilfully or negligently failed to remedy this dangerous condition, by either removing the "gondola" or restocking it; or the empty "gondola" had been on the floor for such a period of time

that it would have been discovered and removed by appellees had they exercised ordinary care. See *H. E. Butt Grocery Company v. Tester*, 498 S.W.2d 683 (Tex. Civ.App.—Corpus Christi 1973, no writ); *H. E. B. Food Stores v. Slaughter*, 484 S.W.2d 794 (Tex.Civ.App.—Corpus Christi 1972, writ dism'd); *Soto v. Biel Grocery Company, Inc.*, 462 S.W.2d 89 (Tex.Civ.App.—Corpus Christi 1971, no writ).

■ There is no evidence that the "gondola" was empty when it was placed in the shopping area. It is the *empty* status of the "gondola" which created the dangerous condition, if any, on the shopping floor. It is not here contended that maintaining a stocked "gondola" upon the sales floor would furnish any basis for appellees' liability.

The record is void of any evidence that appellees actually knew that the "gondola" was empty. There is also a total absence of evidence regarding the time when the "gondola" was emptied or how long it had been empty before Mrs. Coffee tripped over it. Mrs. Heaton, an employee of appellees, testified that if the department manager had properly done his job, the "gondola" would not have become empty due to the merchandise being sold out. This testimony, however, does not aid appellants' cause. The central question is *when* did the "gondola" become empty. If the "gondola" was not empty for a sufficient length of time to allow discovery by reasonable inspection, appellees are not liable to appellants in any event.

The testimony favorable to appellants reveals that there were at least two stock girls for each department who would arrive at work at 8:30 a. m. The testimony further reveals that the accident occurred in the vicinity of cash register # 6, and that there were several workers in the area of the cash registers. This evidence would aid the trier of facts in determining whether the empty "gondola" should, in the exercise of reasonable care, have been discovered within a certain time period. But, there is no evidence which would aid the trier of facts in determining how long before the accident the "gondola" was empty. It is impossible to determine whether the workers in the vicinity of the accident should have discovered the empty "gondola" prior to the accident if there is no basis for determining when the "gondola" became empty.

In that there is no evidence upon this element of appellants' cause of action, the trial court properly granted appellees' motion for judgment non obstante veredicto.

Because the trial court's action in rendering judgment non obstante veredicto was proper for the reasons we have previously discussed, we need not discuss the issue of whether the "gondola" presented an open and obvious hazard to Mrs. Coffee. All of appellants' points of error are overruled.

The judgment of the trial court is affirmed.