C. E. COFFEE et al., Petitioners,

v.

F. W. WOOLWORTH COMPANY et al., Respondents.

No. B–5603.

Supreme Court of Texas.

March 31, 1976.

Rehearing Denied May 5, 1976.

Francis I. Gandy, Corpus Christi, for petitioners.

Dyer, Redford, Burnett, Wray & Woolsey, B. Mills Latham, Corpus Christi, for respondents.

POPE, Justice.

Mrs. Floy Coffee obtained favorable answers to special issues in her action for personal injuries which she sustained in a fall inside the store owned by defendants F. W. Woolworth Company and Woolco Department Stores. The defendants will be referred to as Woolco. The trial court granted defendants' motion for judgment non obstante veredicto and the court of civil appeals affirmed the judgment. 526 S.W.2d 793. The points of error in the court of civil appeals and in this court are that the plaintiff produced more than a scintilla of evidence which supports each of the essential jury findings. In our opinion there was some evidence which supports each of the findings. We reverse the judgments of the courts below and render judgment on the jury verdict that plaintiff Coffee recover the sum of $7,500.00.

On December 15, 1970, at approximately 10:30 a. m. the plaintiff entered the defendant's store for the purpose of shopping. As in many stores of this type the merchandise was arranged in long parallel rows down which the customers could walk and shop. The merchandise was not placed directly on the floor, instead it was placed on low rectangular platforms, or "gondolas" as the parties have referred to them. The platforms were about five feet square and were raised off the floor to a height of about six inches by narrow legs at each corner. The platforms were placed side-by-side in long rows and the merchandise was then stacked on top of them to about eye level. There were aisles between the parallel rows of merchandise and those aisles were intermittently broken by aisles which ran at right angles. While walking down an aisle between two rows of merchandise, Mrs. Coffee attempted to turn to the right down one of the right-angle aisles, when she tripped over the last platform which was at the intersection of the row of merchandise and the aisle. It is undisputed by the parties that this last platform was empty.

The jury found that the defendant (1) created a dangerous condition by leaving the platform in the condition and location where it was left; (2) the defendant knew or should have known of the dangerous condition; (3) the defendant was negligent in failing to warn Mrs. Coffee of the dangerous condition or in failing to remove it; and (4) such negligence was the proximate cause of the accident. Upon the defendant's motion the trial court rendered judgment non obstante veredicto.

We hold that there was some evidence which supported the first finding. There is a picture in the record of the empty platform or one like it, which shows that the top of the empty platform was almost the same color as the white tile floor. An empty platform so close to the floor blended into the floor and could easily be confused for an aisle. The jury could well infer that one walking down the aisle would turn at the intersecting aisle without knowing that there was a platform six inches above the floor and believing it was an aisle.

The court of civil appeals focused its attention upon the second finding that the defendants knew or should have known of the condition about the empty platform, holding: "The record is void of any evidence that appellees [defendants] actually knew that the 'gondola' was empty. There is also a total absence of evidence regarding the time when the 'gondola' was emptied or how long it had been empty before Mrs. Coffee tripped over it." 526 S.W.2d 793, 795. In our opinion there was some evidence which supports the finding. The personnel supervisor of defendant's store testified that there were only two possible explanations as to why the platform would be empty. Either store personnel were in the process of changing a display of merchandise or the merchandise on that particular platform had sold out and had not been restocked. If the store personnel were changing a display, then it is obvious that the defendants, through their employees, had actual notice of the empty and dangerous condition. This explanation of why the platform was empty is somewhat more probable than the other since the personnel supervisor testified that it was the store's policy, "to try and display it [the merchandise] so as it will look as full as possible . . . we'd like to have it to where it's shoulder level or, you know eye level." The store did not ordinarily permit the platform to become empty by virtue of customer buying, because they considered it bad salesmanship. Thus the jury could have reasonably inferred that the platform was empty because store personnel were changing displays and that the defendants had actual notice.

There was also evidence to support the finding that the defendants should have known about the empty platform even if it was empty because of customer buying. On this issue the court of civil appeals held that the plaintiff could not establish that the defendant should have known of the empty platform unless she produced some evidence as to how long the platform was

empty before she tripped over it. There are numerous cases which hold that where an obstacle or slippery substance is on a floor because of the acts of some person, for whom the proprietor is not responsible, proof is necessary of actual notice or proof that the condition existed for such length of time as would give the proprietor a reasonable opportunity to discover the condition. *Soto v. Biel Grocery Company*, 462 S.W.2d 89 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Todd v. Hill's, Inc.*, 383 S.W.2d 250 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n. r. e.); *Furr's, Inc. v. McCaslin*, 335 S.W.2d 284 (Tex.Civ.App.—El Paso 1960, no writ); Annot., *Obstacle on Floor—Injury*, 61 A.L.R.2d 110 § 7 (1958). These cases usually arise when a customer drops some food item on the proprietor's floor. *Fontenot v. Sears Roebuck Co.*, 399 S.W.2d 394 (Tex.Civ.App.—Beaumont 1966, writ ref'd n. r. e.) [banana peel]; *Todd v. Hill's, Inc., supra* [lettuce]; *O'Neal v. Weingarten, Inc.*, 328 S.W.2d 793 (Tex.Civ.App.—Beaumont 1959, writ ref'd n. r. e.) [grape]; *Allen v. Woolworth*, 315 S.W.2d 612 (Tex.Civ.App.—El Paso 1958, writ ref'd n. r. e.) [ice cream]. *See* Annot., *Debris on Floor—Injury*, 61 A.L.R.2d 6 (1958).

Courts have been reluctant to impose liability on a storekeeper without a showing that a foreign substance was on the floor for some length of time because it is unjust to hold the proprietor liable for the carelessness of some person over whom he has no control, unless he had a reasonable opportunity to discover the dangerous condition. Thus the rule developed that the plaintiff must produce some evidence that the foreign substance had been on the floor a sufficient length of time to give the proprietor notice. *See* Annot. 61 A.L.R.2d 110 § 7 (1958) and cases cited therein. While it may be argued that it is foreseeable to a proprietor that some slippery substances will be accidentally dropped on his floor by customers, the fact that customers are going to buy merchandise is certainly much more foreseeable and controllable—indeed an intended consequence and the purpose of doing business. Furthermore, the dangerous condition of the empty platform was not created instantly by the fortuitous act of a single customer but rather by the combined purchases of many retail customers which were occurring over some extended period of time.

■ The defendant also argues that the judgment non obstante veredicto was correct because this empty platform was open and obvious and as a matter of law the platform did not create a dangerous condition. We recently held that the question of whether or not a premises defect is open and obvious is for the court to decide as a matter of law. *Adam Dante Corporation v. Sharpe*, 483 S.W.2d 452 (Tex.1972). There is a dispute in the record as to how much the color of the platform contrasted with the color of the floor. Mrs. Coffee and a neighbor who happened upon the accident both testified that the color of the platform blended in with that of the floor. Given this testimony along with the height and location of the platform, we cannot say the condition was open and obvious.

The defendant did not bring forward any crosspoints to the court of civil appeals which alternatively asked for a new trial, based upon the factual insufficiency of the evidence. Therefore the judgments of the courts below are reversed and judgment is rendered for the plaintiff in the sum of $7,500.00.

## ON REHEARING

Woolco says that our opinion inaccurately states that the gondola and the floor were of the same color, when in truth the floor was tan or varying shades of dark brown with a wide stripe extending along the floor to distinguish the two. Certainly the parties are entitled to a correct factual statement.

■ Since the jury answered the issues contrary to Woolco's inferences and versions of the evidence, and since the trial court rendered judgment notwithstanding those findings, it is our duty to view the evidence most favorably to the plaintiff. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952).

The defendant Woolco introduced a photograph of an empty gondola to portray the situation as it existed on the day of the accident. Attached to the statement of facts is what appears to be a xerox copy of an original photograph. This is the only evidence of a photograph in this record, and it shows that the floor and gondola are the same color. The photo shows that the gondola is astride a rather wide dark stripe which runs along the floor. Plaintiff testified that she did not recall such a stripe running out from the gondola on the day of the accident. When Woolco's counsel tried to establish his contention by cross-examination of one of plaintiff's witnesses, the witness afforded direct answers which supported the jury findings and the facts expressed in this court's opinion. That evidence was:

Q. Well, now, you testified today about the color of the gondola—

A. Yes, sir.

Q. —and that it blended with the floor. Obviously you must have noticed the floor.

A. We looked at the gondola that day and it was just about the same color as the flooring.

Q. Well, was the floor one single color?

A. I would say so.

Q. There weren't any off-colored stripes or anything that weren't any different a color?

A. No.

    \*     \*     \*     \*     \*     \*

Q. How about the floor. Is the floor the same way it looked at the time as you recall the accident?

A. I don't recall. It was, like I said, the floor and the gondola was the same coloring as far as looking at it.

Woolco also assumes that the jury was compelled to believe that the photograph portrayed the same gondola located at the same place it was when plaintiff fell. The personnel supervisor for Woolco at the time of the accident testified about the photograph:

Q. You are not saying that this is the platform that Mrs. Coffee fell over, are you?

A. No, Sir.

Q. And you are not saying that this is the area of floor where Mrs. Coffee fell?

A. No, Sir.

The jury very well could have concluded that the photograph was a posed photo.

The motion for rehearing is overruled.