In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00014-CV
______________________________


DOROTHY DE LOS SANTOS, Appellant
 
V.
 
HEALTHMARK PARK MANOR, L. P., Appellee


                                              

On Appeal from the 215th Judicial District Court
Harris County, Texas
Trial Court No. 2003-18920


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Dorothy De Los Santos appeals from a summary judgment rendered against her in her slip
and fall case against her employer. Summary judgment was sought both under traditional and
no-evidence theories. The trial court specifically granted summary judgment under the no-evidence
theory.


 
            A no-evidence summary judgment is essentially a pretrial directed verdict. We therefore
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply
in reviewing a directed verdict. Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex.
2002). We must determine whether the nonmovant produced any evidence of probative force to
raise a fact issue on the material questions presented. Id.; Woodruff v. Wright, 51 S.W.3d 727 (Tex.
App.—Texarkana 2001, pet. denied). We consider all the evidence in the light most favorable to the
party against whom the no-evidence summary judgment was rendered, disregarding all contrary
evidence and inferences. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 
A no-evidence summary judgment is improperly granted if the nonmovant presents more than a
scintilla of probative evidence to raise a genuine issue of material fact. King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70–71
(Tex. App.—Austin 1998, no pet.). More than a scintilla of evidence exists when the evidence "rises
to a level that would enable reasonable and fair-minded people to differ in their conclusions." 
Havner, 953 S.W.2d at 711.
            De Los Santos alleged she was injured when she slipped on a bottle of hand sanitizer that a
co-employee accidentally dropped on the floor. She alleged injuries consisting of a broken kneecap
and resultant medical bills, and concurrent pain and anguish.


 Although De Los Santos' petition
raises broad allegations of negligence that are not reflective of the facts as alleged, her argument as
focused by the motions for summary judgment—and as addressed on appeal—is that Healthmark
is liable under theories of premises liability.
            Healthmark filed a no-evidence motion, stating there was no evidence that: Healthmark had
actual or constructive knowledge of any condition that posed an unreasonable risk of harm;
Healthmark failed to exercise reasonable care in maintaining the floor; or that De Los Santos' injuries
resulted from Healthmark's failure to exercise reasonable care to reduce or eliminate an unreasonable
risk of harm (foreign substance on the floor).


 
            Employees of an owner or occupier of premises are considered invitees of the employer. 
Hernandez v. Heldenfels, 374 S.W.2d 196, 197 (Tex. 1963); Allen v. Connolly, 158 S.W.3d 61, 66
(Tex. App.—Houston [14th Dist.] 2005, no pet.).



            To succeed in a premises liability suit, an invitee plaintiff must prove (1) that the defendant
had actual or constructive knowledge of some condition on the premises, (2) that the condition posed
an unreasonable risk of harm, (3) that the defendant failed to exercise reasonable care to eliminate
or reduce the risk of that harm, and (4) that the defendant's failure to use such care proximately
caused the invitee's injury. Wal-Mart Stores, Inc. v. Gonzalez, 968 S.W.2d 934, 936 (Tex. 1998);
Pierce v. Holiday, 155 S.W.3d 676, 679 (Tex. App.—Texarkana 2005, no pet.).
The Summary Judgment Evidence
            Healthmark relies on its contention that there was no evidence it had actual knowledge of the
condition and that constructive knowledge cannot be inferred from this summary judgment evidence. 
The judgment, however, also states there is no evidence on the other elements that the plaintiff is
required to establish. 
            We are cognizant of the fact that this lawsuit is by an employee against an employer that is
a workers' compensation nonsubscriber. As a result, common-law defenses are unavailable to
Healthmark. See Tex. Labor Code Ann. § 406.033 (Vernon 1996). Thus, even if artfully
rephrased by the employer, it cannot defend on the basis that the employee was also negligent, that
the employee assumed the risk, or that the injury was caused by the negligence of a fellow employee. 
Id.
Is there any evidence that Healthmark had actual or constructive knowledge of the condition?
            The alleged condition is the presence of a bottle of hand sanitizer on the floor, which was
dropped there by employee Elizabeth Sparkman Okoroji. In her deposition, portions of which are
attached to De Los Santos' response, Okoroji stated that the Director of Nursing, Liz Napoli, had
showed her the sanitizer bottle and asked if it belonged to her. Okoroji stated that she checked her
pocket and found her bottle was missing and that it could have belonged to her. Trisha
Salinas-Longoria testified that her understanding, based on where the bottle was found and the
statements of Napoli, was that De Los Santos fell on the bottle of hand sanitizer. Further, the
incident report prepared by Napoli states that De Los Santos reported she slipped on a bottle on the
floor and indicates that the bottle belonged to Okoroji. 
            This is some evidence of how the bottle got on the floor. That is not, however, the question. 
The fact that an employee was responsible for the bottle being on the floor is not enough, standing
alone, to show that the employer (or its agents) had actual or constructive knowledge that the bottle
was there. The Texas Supreme Court has held that knowledge may be inferred by a fact-finder
because of the length of time that a situation existed, and also that circumstantial evidence of actual
knowledge exists when store employees have been working on the device that caused the injury. 
Keetch v. Kroger Co., 845 S.W.2d 262, 266 (Tex. 1992) (explaining Coffee v. F. W. Woolworth Co.,
536 S.W.2d 539 (Tex. 1976)). However, the Court also held that, even when the owner/occupier
created the condition, a jury still must find that the owner/occupier knew or should have known of
the condition, and that making the inference as a matter of law is improper unless knowledge is
uncontroverted. Keetch, 845 S.W.2d at 266; see Coffee, 536 S.W.2d at 540–41. 
            There is evidence that a bottle was dropped on the floor—accidentally—by an employee. 
But, is there any evidence that could be taken to show that the owner/occupier either knew, or should
have known, the bottle was on the floor? The rationale used to justify an inference of knowledge
by an employer, as described in Keetch, requires a finding that an owner of the premises knew or
should have known of the condition. Several different sets of facts may be used to show the
existence of knowledge. Prior, similar incidents and a high risk of harm can support the inference. 
See Corbin v. Safeway Stores, Inc., 648 S.W.2d 292, 296 (Tex. 1983). The length of time that a
condition has existed can support the inference, as can knowledge that store employees were working
on the display which caused the injury. See Keetch, 845 S.W.2d at 266; Coffee, 536 S.W.2d 539. 
            There is no evidence to show how long the bottle had been on the floor—but there is a strong
implication that it had only been there a short period of time, because the floor was freshly buffed. 
The evidence neither shows that the bottle was placed there intentionally by an employee, nor was
it left as a part of an uncompleted job, and there is no evidence that it was a known but ignored
condition. Further, the only evidence is that Okoroji was entirely unaware that she had dropped it
(assuming the bottle was hers) until she was asked whether her bottle was in her pocket. Even if the
employee's knowledge of the event is imputed to the employer, the employer would be unaware of
the dropped bottle based on that knowledge alone. Both direct and circumstantial evidence may be
used to establish any material fact. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).
            Even in the context of a no-evidence summary judgment review, the evidence provides
nothing more than the fact that the bottle was on the floor, and the likelihood that it was
unknowingly dropped by an employee. In the absence of any evidence that the bottle had been there
long enough to create an inference of knowledge or some other reason that some person should have
realized it was there (even De Los Santos did not see the bottle until after she fell), we find no
evidence to suggest that the owner/occupier had or should have had knowledge of the condition. 
Because we find no evidence to support an inference of knowledge, we conclude that the summary
judgment was proper.
            We affirm the judgment.
 

                                                                        Jack Carter
                                                                        Justice

 
Date Submitted:          July 5, 2005
Date Decided:             September 23, 2005


OPINION ON MOTION FOR REHEARING

            In her motion for rehearing, Dorothy De Los Santos urges that we misconstrued her
argument. She maintains that her argument was simply a negligence claim that an employee of
Healthmark Park Manor, L.P., dropped a bottle on the floor of the premises, that such action was
negligence, and a proximate cause of the injury to De Los Santos. She further alleges that such acts
by an employee of Healthmark are imputed to it by the doctrine of respondeat superior. This is not
the argument made by De Los Santos in her brief to this Court. The appellant's brief argued that she
had raised factual issues regarding a premises liability claim. 
            In her original brief, De Los Santos presented two points of error as follows:
            (1) There is legally sufficient evidence of Healthmark's knowledge of the dangerous
condition, and
            (2) De Los Santos has raised legally sufficient evidence on all elements that the plaintiff is
required to establish in a premises liability case. 
            In the motion for rehearing, De Los Santos argues the case is "purely a negligence case
involving vicarious liability, on the part of Appellee, for the negligent act of an employee." 
However, as shown by the two points of error, this was not the argument presented in the original
brief. Under the first point of error, De Los Santos argued that the acts of the employee triggered
an inference of knowledge of the dangerous condition on the part of Healthmark thereby proving an
element required in premises liability cases. 
            In the second point of error, De Los Santos argued that all elements had been established for
a "premises liability case." De Los Santos specifically argued there were fact issues as to whether
the employee dropped the bottle on the floor, whether it created an unreasonable risk of harm, and
whether the employee reduced or eliminated the risk—all of which are part of De Los Santos' overall
argument that she had raised sufficient evidence to preclude a summary judgment in a premises
liability case. The only argument referring to vicarious liability of the hospital was that the
employee, not the hospital itself, created the dangerous condition and the employee had the duty to
reduce or eliminate the risk of harm. It was then argued that the employee's actions were imputed
to the hospital under the doctrine of respondeat superior. The entire context of the argument
pertained to a premises liability cause of action. 
            A matter that could have been assigned as error in the appellant's brief, but was not made the
subject of an issue presented for review, will not be addressed by the appellate court if presented for
the first time in the appellant's motion for rehearing. Lee v. Lee, 47 S.W.3d 767, 799 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied); Washington v. Walker County, 708 S.W.2d 493, 497
(Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.) (op. on reh'g); Great Com. Life Ins. Co. v.
Olton State Bank, 607 S.W.2d 604, 607–08 (Tex. Civ. App.—Amarillo 1980, no writ) (op. on reh'g). 
            We deny the motion for rehearing. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date:   October 21, 2005