Affirmed and Memorandum Opinion filed March 11, 2008








Affirmed and Memorandum Opinion filed March 11, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01073-CV

____________

 

RONALD GRAYSON, Appellant

 

V.

 

JOSEPH ANSELMO, INDIVIDUALLY AND
D/B/A JOE=S BARBER SHOP, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 849561

 



 

M E M O R A N D U M   O P I N I O N

Ronald Grayson appeals a take-nothing judgment in favor of
Joseph Anselmo d/b/a Joe=s Barber Shop.  Grayson alleged that a
premises defect caused him to fall on Anselmo=s property and
sustain a personal injury.  In a single issue, Grayson contends that the
evidence was factually insufficient to support the judgment.  We affirm.








I

In October 2004, Joe Anselmo opened a barbershop in a
mobile home in Crosby.  Before opening, Anselmo and his son built a wooden ramp
to the door of the barbershop.  On November 4 or 5, 2004, Ronald Grayson
visited the barbershop to discuss selling some tractor tires to Anselmo.  As he
was leaving the shop, Grayson received a call on his cell phone and stepped
outside onto the ramp.  

The remaining facts are disputed.  Grayson testified that
as he took the call he leaned on the ramp=s wooden railing. 
The railing separated from its support post  and he fell to the ground,
injuring his shoulder.  Grayson also testified that immediately after his fall,
Anselmo repaired the railing by re-attaching it to the support post.  Grayson
introduced one photograph showing that a single board attached the rail to the
post. 

Anselmo tells a different story.  He remembered Grayson
visiting the barbershop and taking a call outside on the ramp, but testified that
the railing did not break and Grayson did not fall.  Anselmo further testified
that not one but two boards supported the railingCone in front of
the support post and one behind.  Both he and Grayson submitted pictures of the
railing showing two boards supporting the railing.  Nevertheless, Grayson
insists that when he leaned on the rail, only one board supported it.  He
contends Anselmo added the second board sometime after his fall.

Grayson sued Anselmo alleging that he was injured when he
fell from the ramp.  Grayson alleges Anselmo controlled the premises and knew
or should have known of an unreasonably dangerous condition that proximately
caused Grayson=s injuries.  After a bench trial, the trial court
found Grayson did not meet the burden of proof on his premises-liability claim
and ordered that he take nothing.

 

 








II

In a single issue, Grayson argues the trial court erred in
rendering a take-nothing judgment.  As sub-issues, Grayson argues (1) the
evidence conclusively established that Anselmo gave false testimony, (2) the
great weight and preponderance of the evidence established the essential
elements of Grayson=s premises-liability claim, (3) there was
no evidence of contributory negligence that could otherwise support a
take-nothing judgment, and (4) the uncontroverted evidence established that the
incident proximately caused Grayson=s injuries. 

A

Although Grayson cites in his brief the standards of review
for both legal and factual sufficiency of the evidence, he asks only that this
court remand to the trial court for a new trial.  Grayson does not ask this
court to render judgment in his favor.  Therefore, we will only address whether
the evidence was factually sufficient to support the trial court=s findings.  See
Alstan Corp. v. Board of Admin., 713 S.W.2d 130, 132 (Tex. App.CAustin 1986, writ
ref=d n.r.e.) (stating
that factual-sufficiency points require remand for new trial as opposed to
legal-sufficiency points, which require reversal and rendition of judgment).  








The trial court did not issue any findings of fact or
conclusions of law.  Therefore, all facts necessary to support the trial court=s ruling and
supported by the evidence are implied in favor of the trial court=s decision.  BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002). 
Parties may challenge the legal and factual sufficiency of these implied
factual findings.  Id.  When reviewing a challenge to the factual
sufficiency of the evidence, we examine the entire record, considering both the
evidence in favor of, and contrary to, the challenged finding.  Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986).  After considering and weighing all the
evidence, we set aside the fact finding only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Pool
v. Ford Motor Co ., 715 S.W.2d 629, 635 (Tex. 1986).  The trier of fact is
the sole judge of the credibility of the witnesses and the weight to be given
to their testimony.  GTE Mobilnet of S. Tex. Ltd. P=ship v. Pascouet, 61 S.W.3d 599,
615B16  (Tex. App.CHouston [14th
Dist.] 2001, pet. denied).  We may not substitute our judgment for that of the
trier of fact, even if we would reach a different answer on the evidence.  Maritime
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).

B

Grayson initially argues that the trial court erred in
entering a take-nothing judgment because Anselmo gave false testimony under
oath.  The record reflects the parties sharply disagreed on whether the railing
at the barbershop broke, whether Grayson fell from the ramp, and whether he was
injured as a result of a fall.  The parties also dispute whether Grayson was an
invitee or a licensee on the property.  Because the trial court filed no
findings of fact and conclusions of law, we presume it found any disputed fact
in favor of its judgment.  See American Realty Trust, Inc. v. JDN Real
EstateBMcKinney, L.P., 74 S.W.3d 527,
531 (Tex. App.CDallas 2002, pet. denied). However, for purposes of
reviewing whether Anselmo breached a duty to Grayson, we will assume that a
fall from the ramp proximately caused Grayson=s injuries.  We
will also assume Grayson=s status as an invitee.

Assuming Grayson was his invitee, Anselmo owed a duty to
exercise reasonable care to protect him from dangerous conditions known or
discoverable to Anselmo.  See Wal-Mart Stores, Inc. v. Gonzalez, 968
S.W.2d 934, 936 (Tex. 1998).  To recover from Anselmo, Grayson must prove:  (1)
actual or constructive knowledge of some condition on the premises by the
owner/operator, (2) the condition posed an unreasonable risk of harm, (3) the
owner/operator did not exercise reasonable care to reduce or eliminate the
risk, and (4) the owner/operator=s failure to use
such care proximately caused the plaintiff=s injuries.  See
Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992). 








The first element, actual or constructive knowledge of some
condition on the premises by the owner or operator, is the key point in this
case.  Grayson argues that because Anselmo built the ramp, he created the
condition and is charged with knowledge of its condition.  The fact that the
owner or occupier of a premises created a condition that posed an unreasonable
risk of harm may support an inference of knowledge, but the fact finder still
must find that the owner or occupier knew or should have known of the
condition.  Id. at 265.  Liability for knowledge of a potentially
harmful condition can be established by proof that (1) the owner/operator
caused the harmful condition, (2) the owner/operator saw or was told of the
harmful condition before the plaintiff=s injury, or that 
(3) the harmful condition was present for so long that it should have been
discovered in the exercise of reasonable care.  Wright v. Wal-Mart Stores,
Inc., 73 S.W.3d 552, 554 (Tex. 2002).








Grayson does not rely on direct evidence but argues there
was factually sufficient circumstantial evidence that Anselmo had actual or
constructive notice of the dangerous condition.  Grayson contends that because
the manner in which Anselmo constructed the ramp and railing created the
dangerous condition, Anselmo therefore had constructive knowledge of it.  At
trial, there was conflicting evidence as to how Anselmo constructed the
railing.  He and his son built the ramp about one month before Grayson=s visit.  Anselmo
testified that the railing consisted of two boards attached to support posts,
with one board on the outside of the post and the other on the inside of the
post.  Grayson testified that only one board was attached to the post.  The
trial court admitted several photographs into evidence showing the railing
constructed with two boards and one photograph showing the railing constructed
with one board.  No evidence was introduced to show that anyone else had been
injured on the ramp, that the railing had ever failed or given any indication
that it was not sturdy, or that anyone had pointed out that the railing was
dangerously constructed. The Texas Supreme Court has held that the inference
of actual or constructive knowledge is a fact question for the trier of fact.  See
Keetch, 845 S.W.2d at 266; Coffee v. F.W. Woolworth Co., 536 S.W.2d
539, 542 (Tex. 1976).  In Keetch, the plaintiff slipped and fell
crossing a slippery area on the floor created by Kroger=s spraying of AGreen Glo@ shine on plants
in its floral department.  845 S.W.2d at 263.  The trial court submitted
the case on a premises‑liability theory.  The jury found the slippery
spot constituted an unreasonable risk of harm to Keetch, but failed to find
that Kroger knew or should have known of the condition.  Id. at 264. 
The supreme court affirmed the judgment, rejecting the plaintiff=s argument that
Kroger=s creation of the
condition meant that Kroger had actual knowledge as a matter of law.  Id. 
Although it declined to create an automatic-liability rule, the court noted:  AThe fact that the
owner or occupier of a premises created a condition that posed an unreasonable
risk of harm may support an inference of knowledge.@  Id. at
265.  

In Coffee v. F.W. Woolworth Co., the plaintiff was
injured when she fell over a low‑lying, empty platform intended to hold
merchandise.  536 S.W.2d at 540.  At trial, there was a dispute whether
Woolworth and its employees were aware of the empty platform, but the jury
found Woolworth, through its employees, had constructive knowledge of the
dangerous condition.  Id.  The court of appeals reversed the trial
court, finding that the record was devoid of any direct evidence that Woolworth
had actual knowledge that the platform was empty.  Coffee v. F.W. Woolworth
Co., 526 S.W.2d 793, 795 (Tex. Civ. App.CCorpus Christi
1975), rev=d, 536 S.W.2d 539.  The Texas
Supreme Court reversed the court of appeals, reasoning thatCbecause the store=s policy was to
avoid letting its platforms become empty from normal‑course customer
purchasesCthe jury could have reasonably inferred that the
platform was empty because store personnel created the condition when changing
displays; therefore, the defendants had actual notice.  Coffee, 536 S.W.2d
at 540B41. In discussing Coffee,
the court in Keetch concluded that A[t]he fact that
[the defendant] created the condition was circumstantial evidence of knowledge.@  Keetch,
845 S.W.2d at 266. 








Coffee and Keetch stand for the proposition that a
fact finder may, but need not, infer that a defendant had actual knowledge of a
dangerous condition that it created.  It is within the fact finder=s province to
decide whether the circumstances justify inferring actual knowledge against the
creator of a dangerous condition.  See id.; see also Coffee, 536
S.W.2d at 540-41.

Reviewing all of the evidence in a neutral light, we find
the trial court=s finding is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Even if
we accept Grayson=s testimony as true, that only one board
attached the railing to its support post, the implied finding that Anselmo did
not have constructive knowledge of a dangerous condition is not against the
great weight and preponderance of the evidence.  

In his remaining sub-issues, Grayson alleges there was no
evidence of contributory negligence and the uncontroverted evidence established
that the incident proximately caused his injuries.  Because we have determined
that the evidence is factually sufficient to support the trial court=s finding that
Anselmo did not have constructive knowledge of a dangerous condition, we need
not address contributory negligence or proximate cause.  We overrule Grayson=s issue and affirm
the trial court=s judgment. 

 

 

 

 

/s/      Jeff Brown

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 11, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.