Affirmed and Memorandum Opinion filed September 25, 2008








Affirmed and Memorandum Opinion filed September 25,
2008.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00240-CV

_______________

 

ORALIA TREVINO, Appellant

 

V.

 

 

NVG NORTH VILLAGE GREEN I ASSOCIATION, INC., Appellee

                                                                                                                                               


On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 2005-78754

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N








In this
premises liability suit, appellant, Oralia Trevino, challenges a summary
judgment in favor of appellee, NVG North Village Green I Association, Inc. (ANVG@).[1] 
On appeal, Trevino contends the trial court erred by (1) granting NVG=s no-evidence motion for summary
judgment, and (2) denying Trevino=s motion for spoliation sanctions. 
All dispositive issues are clearly settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

Background

Trevino
leased an apartment from NVG.  She alleges that, on May 19, 2004, she entered
an elevator located on the premises of NVG=s apartment complex and sustained
injuries when the elevator doors Ajerked@ and closed.

In her
deposition, Trevino testified that she spoke with Belen ABee@ Rivera Cole, NVG=s building manager, on May 20, 2004,
the day after the alleged incident.  During this meeting, Trevino asked Cole
whether she was aware of the elevator malfunction.  Cole replied, Ayes.@  Subsequently, when Trevino asked
Cole to explain why she had not disengaged the elevator or placed an Aout of order@ sign on the door, Cole did not
respond. 

Trevino
sued NVG seeking damages under general negligence and premises liability
theories of recovery.  NVG filed a no-evidence motion for summary judgment,
which was granted on February 1, 2007.  This appeal followed.

No-Evidence Summary Judgment

A.        Standard
of Review








After an
adequate time for discovery, a party may move for summary judgment on the
grounds that there is no evidence of one or more essential elements of a claim
on which an adverse party would have the burden of proof at trial.  Tex. R.
Civ. P. 166a(i).  A no-evidence summary judgment is essentially a pretrial
directed verdict, and we apply the same legal sufficiency standard in reviewing
a no-evidence summary judgment as applied when we review a directed verdict.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003).  In evaluating
a no-evidence motion for summary judgment, we review the entire record in the
light most favorable to the nonmovant, indulging every reasonable inference and
resolving any doubts against the motion.  City of Keller v. Wilson, 168
S.W.3d 802, 824 (Tex. 2005).  A trial court must grant the no-evidence motion
unless the nonmovant presents more than a scintilla of evidence sufficient to
raise a genuine issue of material fact.  King Ranch, 118 S.W.3d at 751. 
More than a scintilla of evidence exists when the evidence rises to a level
that would enable reasonable and fair-minded people to differ in their
conclusions.  Id.  Evidence amounts to less than a scintilla when the
evidence is so weak as to do no more than create a mere surmise or suspicion of
a fact.  Forbes, Inc. v. Granada Biosciences, Inc., 124 S.W.3d 167, 172
(Tex. 2003).  When the trial court does not specify the basis for the order
granting summary judgment, we must affirm if any of the theories advanced are
meritorious.  W. Invs, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).

B.        Analysis








Premises
liability is a special category of negligence under which the duty of a
premises owner or possessor depends upon the status of a plaintiff as invitee,
licensee, or trespasser.  See Urena, 162 S.W.3d at 550.[2] 
To prove a claim under the premises liability theory of recovery, an invitee[3]
must establish: (1) actual or constructive knowledge of the dangerous condition
on the premises by the premises owner or operator; (2) the condition posed an
unreasonable risk of harm; (3) the premises owner or operator did not exercise
reasonable care to reduce or eliminate the risk; and (4) the premises owner=s or operator=s failure to use such care
proximately caused the plaintiff=s injuries.  Keetch v. Kroger Co.,
845 S.W.2d 262, 264 (Tex. 1992).

In its
motion, NVG asserted, inter alia, there was no evidence regarding the Aknowledge@ element of Trevino=s premises liability claim.  To
satisfy the knowledge requirement in a premises liability cause of action, the
premises owner or operator must have actual or constructive knowledge of the
dangerous condition, i.e. when the owner knew or within the exercise of
reasonable care should have known of the defect.  CHM Homes, Inc. v. Daenen,
15 S.W.3d 97, 101 (Tex. 2000).  An owner has actual knowledge when it is
cognizant or aware of the dangerous condition.  Hall v. Sonic Drive-In of
Angleton, Inc., 177 S.W.3d 636, 645 (Tex. App.CHouston [1st Dist.] 2005, pet.
denied).  Although there is no single test for determining whether an owner had
actual knowledge that a condition presented an unreasonable risk, courts may
consider whether the owner previously received reports of accidents or injuries
caused by the unsafe condition.  Univ. of Tex.-Pan Am. v. Aguilar, 251
S.W.3d 511, 513 (Tex. 2008) (per curiam).  

An owner
has constructive knowledge of a dangerous condition when it has existed long
enough for the owner to discover it upon reasonable inspection.  Coffee v.
F.W. Woolworth, 536 S.W.2d 539, 541 (Tex. 1976).  To impute constructive
knowledge, the owner must have had a reasonable opportunity to discover and
eliminate the dangerous condition.  Wal-Mart Stores, Inc. v. Reece, 81
S.W.3d 812, 816 (Tex. 2002).  Without some temporal evidence, there is no basis
upon which the factfinder might reasonably assess whether the premises owner
had an opportunity to discover the dangerous condition.  Id.  








Trevino
first contends NVG had actual knowledge of the alleged premises defect.
Relative to the knowledge issue, in response to the no-evidence motion, Trevino
presented her own deposition testimony.  Trevino testified, AI told [Cole, NVG=s building manager,]was she aware of
the malfunction of the elevator.  She said >yes.=@  Trevino argues that this admission
by an employee of NVG constitutes a scintilla of evidence demonstrating that
NVG had actual knowledge of the dangerous defective condition of the elevator. 
NVG argues that the statements amount to no evidence that NVG had actual
knowledge of an unreasonably dangerous condition before the occurrence
in question.

After
evaluating Trevino=s deposition testimony in the light most favorable to
Trevino, indulging every reasonable inference and resolving any doubts against
NVG=s no-evidence motion, we cannot
conclude Trevino presented more than a scintilla of evidence sufficient to
raise a genuine issue of material fact regarding NVG=s actual knowledge of the condition. 
There is no evidence NVG received any reports of prior injuries or reports of
the potential danger presented by the allegedly malfunctioning elevator doors. 
Further, although Cole admitted knowledge of the malfunctioning elevator doors
on the day after the incident at issue, we cannot conclude Trevino=s deposition testimony amounts to
anything more than mere surmise or suspicion that NVG had knowledge of the
condition before the alleged incident occurred.   Accordingly, we
conclude that Trevino=s cited evidence would not enable reasonable and fair-minded
people to differ in their conclusions and is insufficient to defeat NVG=s no-evidence motion for summary
judgment.  See Aguilar, 251 S.W.3d at 513. 








Trevino
next contends that NVG had constructive knowledge of the allegedly dangerous
condition.  Trevino argues that NVG is guilty of negligence per se by failing
to comply with the City of Houston elevator safety laws and such negligence is
sufficient to satisfy the premises liability knowledge requirement.  Trevino is
correct that an inexcusable violation of a statute or ordinance may constitute
conclusive proof of failure to exercise reasonable care, if the legislative
body designed the statute or ordinance to protect a particular class of persons
from a particular type of harm, and the plaintiff, as a member of that class,
suffers the particular type of harm contemplated in the statute.  Mundy v.
Pirie-Slaughter Motor Co., 146 Tex. 314, 319, 206 S.W.2d 587, 590 (1947). 
However, under a premises liability cause of action, before a plaintiff can
prove the defendant failed to exercise reasonable care, she must prove the
defendant knew or should have known of the dangerous condition.  See Keetch,
846 S.W.2d at 265.  As stated above, an owner or possessor has constructive
knowledge when the condition exists long enough that upon reasonable
inspection, it could have been discovered.  See Coffee, 536 S.W.2d at
541.   Here, there is no evidence in the record regarding the length of time
the condition existed before the alleged incident.  Accordingly, we cannot
conclude Trevino has presented more than a scintilla of evidence that NVG
should have known of the alleged premises defect.  See Wal-Mart Stores, Inc.,
81 S.W.3d at 816.   Accordingly, the trial court did not err by granting NVG=s no-evidence motion for summary
judgment.  Trevino=s first issue is overruled.

Spoliation Sanctions








In her
second issue, Trevino contends the trial court abused its discretion by denying
her motion for spoliation sanctions.  The act of spoliation refers to
destruction of evidence relevant to a case.  Buckeye Retirement Co. v. Bank
of America, N.A., 239 S.W.3d 394, 401 (Tex. App.CDallas 2007, no pet.).    The duty to
preserve evidence does not arise until a party knows or reasonably should know
that there is a substantial chance a claim will be filed, and such evidence is
relevant and material.  See Wal-Mart Stores, Inc. v. Johnson, 106 S.W.3d
718, 722 (Tex. 2003).  The party seeking spoliation sanctions bears the burden
of establishing that the alleged spoliator had a duty to preserve the evidence
in question.  See Id.  Spoliation sanctions are proper when a party has
deliberately destroyed evidence or failed to produce relevant evidence or
explain its non-production.  Id. at 721-22.  Because the trial court is
in the best position to evaluate the facts and equities of discovery disputes,
we review a trial court=s order denying a motion for spoliation sanctions under an
abuse of discretion standard.  See id. at 723; McMillin v. State Farm
Lloyds, 180 S.W.3d 183, 199 (Tex. App.CAustin 2005, pet. denied).  When
considering an appropriate remedy for spoliation, a trial court must determine
(1) whether there was a duty to preserve evidence, (2) whether the alleged
spoliator negligently or intentionally spoliated evidence, and (3) whether the
spoliation prejudiced the opposing party=s ability to present its case.  Buckeye
Retirement Co., 239 S.W.3d at 401 (citing Trevino v. Ortega, 969
S.W.2d 950, 954-55 (Tex. 1998) (Baker, J., concurring)). A trial court commits
an abuse of discretion only if its decision is arbitrary, unreasonable, and
without reference to guiding principles.  Mercedes-Benz Credit Corp. v.
Rhyne, 925 S.W.2d 664, 666 (Tex. 1996).  Accordingly, it is not enough that
we might disagree with the trial court=s decision; rather, we will only
reverse if the trial court=s finding is without reference to guiding rules and
principles.  See id.

Trevino sought production of  NVG=s records pertaining to elevator
inspection, maintenance, and repair.  NVG produced a number of documents,
including an April 12, 2004 AAnnual Elevator Fee and Notice of Required Inspection@ dated April 12, 2004 and three
elevator inspection reports dated June 11 and 16, 2004.  However, NVG did not
produce any records pertaining to inspection, maintenance, and repair of the
subject elevator which had been prepared or generated prior to the alleged
incident.  In his deposition, Jesse Herrera, NVG=s managing agent, testified that NVG
did not contract for regularly scheduled elevator maintenance, rather it would
generally contract with one of several elevator repair companies after an
elevator malfunctioned.  Trevino contends NVG Afailed to keep records due to its own
negligent and/or tortuous [sic] conduct.@ Because NVG was required to comply
with the City of Houston elevator inspection ordinance, and presumably complied
in the years prior to the incident at issue, Trevino contends records must have
been destroyed. 

After
reviewing the record, we cannot conclude the trial court abused its discretion
by denying Trevino=s motion for spoliation sanctions. Even assuming NVG
possessed the requested elevator maintenance records, the trial court could
have concluded that NVG did not negligently or intentionally destroy evidence. 
                       








We note
that the trial court is in the best position to evaluate the often
complex facts and equities of discovery disputes and determine whether
discovery abuse has in fact occurred, the relative culpability and harm of such
conduct, and credibility of a party=s attempts to explain delays and
unresponsiveness.  See McMillin, 180 S.W.3d at 199.  The trial court
heard the evidence relevant to the spoliation claim, and it could have
concluded NVG is not guilty of spoliation.  Giving due deference to the trial
court=s determination of these facts, we
cannot conclude the trial court acted in an arbitrary or unreasonable manner
without reference to guiding principles.  Accordingly, we conclude that the
trial court acted within its discretion by denying Trevino=s motion for sanctions based on
alleged spoliation.  Trevino=s second issue is overruled.

Having
overruled Trevino=s issues, we affirm the judgment of the trial court.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed September 25, 2008.

Panel consists of Justices Frost,
Seymore, and Guzman.

 









[1]  Originally, Trevino also sued North Village Green
Home Owners= Association and Figure 4 Investment Trust.  However,
Trevino subsequently non-suited her claims against these parties.





[2]  In her original petition, Trevino alleged causes of
action for negligence and premises liability.  Although a litigant may maintain
causes of action for negligence and premises liability, see Urena, 162
S.W.3d at 550, under the general negligence theory of recovery, the claimant=s injury must result from the defendant=s contemporaneous activity.  State v. Shumake,
199 S.W.3d 279, 284 (Tex. 2006) However, a premises defect claim is based on
the existence of an unsafe condition on property.  Id.; see, e.g.,
Keetch, 845 S.W.2d at 264.  The Supreme Court of Texas has rejected
attempts to blur the distinction between liability stemming from negligent
activity and liability based on premises defect.  Keetch, 845 S.W.2d at
264.  Here, the focus of Trevino=s
negligence allegations are the elevator doors that allegedly malfunctioned, an
unsafe condition of premises.  When the alleged injury is caused by an unsafe
or dangerous condition on the premises, the plaintiff is limited to a premises
liability theory of recovery. Shumake, 199 S.W.3d at 284; see H.E.
Butt Grocery Co. v. Warner, 845 S.W.2d 258, 259 (Tex. 1992). 





[3] The parties agree that Trevino was an invitee.