**Reversed and Remanded and Majority and Dissenting Opinions filed July 30, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00995-CV

### CHRISTOPHER NORMAN, Appellant,

### V.

### CHRISTOPHER HENKEL AND LISA HENKEL, Appellees.

**On Appeal from the County Civil Court at Law No. 1**
**Harris County**
**Trial Court Cause No. 1005041**

## D I S S E N T I N G   O P I N I O N

Because Lisa Henkel gave Christopher Norman an adequate warning as a matter of law, I respectfully dissent.

I do not believe the cases Norman cites to support his argument control in this case. *See, e.g.*, *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009); *State v. McBride*, 601 S.W.2d 552, 557 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). Unlike the too-general warnings in *Perry* and *McBride*, Lisa's

warning specifically informed Norman of the particular hazard—the slippery ground. In this case, "don't slip" is necessarily a warning of slippery conditions. And although Lisa did not specify the exact area of the sidewalk that was potentially dangerous, her warning conveyed that the slippery conditions were on the ground. Norman emphasizes the fact that her warning did not specify that ice was the cause of the potentially dangerous condition. But I disagree that a warning of the slippery conditions was inadequate without details of the specific cause of those conditions.

Moreover, a reasonably prudent person in Norman's position would have understood Lisa's warning to relate to ice as the cause of the slippery conditions. The summary-judgment evidence conclusively establishes that temperatures were below freezing on the day Norman fell. In the appendix to his response to the Henkels' motion for summary judgment, Norman himself included a news article about the National Weather Service's hard-freeze warning for the Houston area that day.

The majority states that "Texas Supreme Court authority has never supported such a general definition of 'the condition,'" citing *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406 (Tex. 2006), *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292 (Tex. 1983), and *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539 (Tex. 1976). Yet in none of those cases does the court discuss the adequacy of a warning because in none of those cases was there any warning at all. Instead, in each case the court considers whether there was an unreasonably dangerous condition and, if so, whether the defendant had notice of it. And although the court identifies the specific item that caused the floor to be slippery in each case, the court does not indicate that "the condition" at issue was the specific item on the floor rather than the slippery floor generally. Because those cases neither show support for a narrow definition nor reject a broader one, I do not believe they support the majority's

2

conclusion. *See Taylor*, 222 S.W.3d at 407–09; *Corbin*, 648 S.W.2d at 294; *Coffee*, 536 S.W.2d at 541.

A closer analogy to this case is *Bill's Dollar Store, Inc. v. Bean*, in which we held that a cashier's warning to a customer "to watch the wet spot as she walked out the door" was adequate as a matter of law. 77 S.W.3d 367, 371 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). In that case, the floor was dangerous because it was wet; it mattered not whether the wetness was caused by a customer's spilled soft drink, by water left from mopping, or by rain customers' shoes carried in from outside. The same is true here—the walkway was dangerous because it was slippery, and Lisa's warning was not inadequate simply because she failed to identify the specific substance that caused the slipperiness.

Finally, I disagree with the majority's assertion that if we conclude Lisa's warning was adequate, "every owner or occupier of land may post a sign 'Don't slip' at the entrance of the premises and discharge its duty of all slipping conditions on or within the premises as a matter of law." The question of adequacy turns on what was reasonably prudent under the circumstances. *See TXI Operations*, 278 S.W.3d at 764–65. And under the particular circumstances of this case, Lisa's warning was adequate as a matter of law.


/s/     Jeffrey V. Brown
        Justice


Panel consists of Justices Brown, Christopher, and McCally.   (McCally, J., Majority).

3