[Cite as *Dintino v. Hanger Prosthetics & Orthotics E., Inc.*, 2023-Ohio-797.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

ANITA M. DINTINO,

Plaintiff-Appellant,

v.

HANGER PROSTHETICS AND
ORTHOTICS EAST, INC. et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0079**

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2021 CV 01564

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Judges and Mike Powell, Judge of the
Twelfth District Court of Appeals, Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Anita M. Dintino, pro se,* 5109 Fifth Avenue, Youngstown, Ohio 44505  and

*Atty. Warren T. McClurg, Atty. Eric Larson Zalud*, Benesch, Friedlander, Coplan & Aronoff LLP, 200 Public Square, Suite 2300, Cleveland, Ohio 44114 for Defendant-Appellee Hanger Prosthetics and Orthotics East, Inc. and

*Atty. Peter C. Munger,* Munger Company LPA, 626 Madison Avenue, Suite 400, Toledo, Ohio 43604 for Defendants-Appellees R & D Properties, William W. Detoro and Richard A. Riffle.

Dated:  March 10, 2023

---

**Robb, J.**

{¶1}    Appellant, Anita M. Dintino, appeals the June 28, 2022 judgment granting Appellees, Hanger Prosthetics and Orthotics East, Inc. ("Hanger"), R & D Properties, William W. Detoro, and Richard A. Riffle, summary judgment.  Appellant argues the trial court erred by applying the open and obvious doctrine because the threshold on which she tripped was in violation of an applicable building code, and thus, Appellees' conduct was negligent per se.  She also contends genuine issues of material fact exist that preclude summary judgment.  For the following reasons, we affirm.

<u>Statement of the Case</u>

{¶2}    Appellant filed her complaint on September 1, 2021.  In September of 2019, Appellant was the business invitee of Hanger at its orthotic and prosthetic care clinic located on Trailwood Drive in Boardman Township.  Hanger was the tenant or lessee of the premises, which was owned by R & D Properties, Detoro, and Riffle.  On the day Appellant fell, she had an appointment to obtain an adjustment of her orthotic.

{¶3}    Appellant's complaint alleges "as she was walking through the automatic doors, she struck her toe on a raised threshold" which caused her to fall.  (Sept. 1, 2021 Complaint.)  She claimed she fell as a result of Appellees' negligence and suffered injuries as a result.  She asserted Appellees "knew or should have known that the condition of the premises [was] defective or hazardous, and/or a nuisance" where she fell.  Her complaint does <u>not</u> allege the automatic door closed too quickly contributing or causing her to fall.

{¶4}    Approximately one month into the litigation, Appellant's attorneys withdrew, and thereafter, she was pro se.

**{¶5}** Hanger admitted in its answer that it leased the building at that location for the operation of a Hanger Clinic. (October 6, 2021 Answer.) R & D, Detoro, and Riffle filed their separate answer and admitted they were the former owners of the building, who leased it to Hanger. They denied the remainder of the allegations. (October 5, 2021 Answer.)

**{¶6}** In May of 2022, Appellant filed a motion to suppress, contending Appellees had spoliated evidence. This "motion to suppress" sought an order allowing Appellant to add an additional claim against Appellees for spoliation. It also alleged Appellees destroyed certain evidence which supported her cause of action.

**{¶7}** On that same date, Appellant filed a motion for summary judgment seeking summary judgment on her spoliation claim. She did not attach, reference, or quote any Civ.R. 56 compliant evidence in this summary judgment motion. (May 2, 2022 Motion for Summary Judgment.)

**{¶8}** On May 10, 2022, Appellees moved to strike the allegedly improperly filed summary judgment and suppression motions.

**{¶9}** Appellees filed a joint motion for summary judgment and urged the court to find they owed no duty to Appellant since the condition on which she tripped was open and obvious. Thus, Appellees claimed they owed no duty or obligation with regard to the condition. In support, they relied on the separately filed deposition testimony of Lisa Alexi, Hanger's employee. (May 12, 2022 Joint Motion for Summary Judgment.)

**{¶10}** On May 16, 2022, Appellant filed a document titled in part, "Answer to Court, Statement of the Facts, Motion to Strike Open and Obvious Doctrine." In the body of this filing, Appellant averred that on the date of her accident, the entryway door was closed, so "there was no open and obvious." She also asserted "Auto Door opened & closed. It snapped close quickly making it difficult to get through safely." And in an apparent response to the defense witnesses' deposition testimony, Appellant asserted she was "only carrying a cup of coffee into my appointment that day, my shoes [were] on my feet." (May 16, 2022 Answer to Court.) However, none of these factual assertions were contained in an affidavit or Civ.R. 56 compliant evidence.

**{¶11}** In this filing, Appellant also claimed the threshold and floor elevations were in violation of commercial building codes, and thus, Appellees were negligent per se. She also listed the name and address of her expert witness and attached a copy of his

curriculum vitae and portions of the 2005 Ohio Building Code. (May 16, 2022 Answer to Court.)

{¶12} The trial court issued a judgment on May 19, 2022 and denied Appellant's motion for summary judgment on spoliation. It found Appellant's complaint did not include a spoliation claim. However, the court granted her leave to file an amended motion with supporting evidence as to why certain evidence should be excluded based on alleged spoliation. (May 19, 2022 Judgment.)

{¶13} Thereafter, Appellant filed an amended complaint on May 23, 2022 and filed her motion for leave to file her amended complaint two days later on May 25, 2022. Her motion to amend seeks to add an additional party defendant, Long Cove Holdings 6 LLC and "to support case and to add expert witness * * *." (May 25, 2022 Motion to Amend Complaint.)

{¶14} Appellees moved the court to dismiss or strike her amended complaint as untimely and filed without leave of court. The court denied Appellant's motion to amend her complaint to add a new party defendant and spoliation claim. It ordered her amended complaint stricken from the record. However, the court indicated it would address her motion to exclude certain evidence. (June 9, 2022 Judgment.)

{¶15} On June 13, 2022, Appellees filed a motion to exclude evidence, specifically Appellant's "alleged expert testimony"; uncertified photocopies of an expert's report; the expert's supporting documents and drawings; and copies of the Ohio Building Code regulations. Appellees asserted this evidence was not Civ.R. 56 compliant. Appellees also filed a joint reply in support of summary judgment on June 16, 2022.

{¶16} Appellant responded in her June 24, 2022 "Answer to the Court" and explained she had provided the building codes during discovery and advised Appellees about her expert during discovery. She also provided her expert's notarized report as an attachment, and among other things, attached a copy of the 2017 building code regulations as exhibits.

{¶17} The trial court responded to the foregoing cross-motions via its June 28, 2022 decision. It overruled Appellant's motions to suppress and exclude evidence. The court also denied Appellant's summary judgment motion.

{¶18} This June 28, 2022 decision also granted Appellees' summary judgment. It found "the condition of the entrance was open and obvious," and thus, Appellees owed

no duty toward Appellant.  The trial court explained it did <u>not</u> address Appellant's factual contention that the property was "made more dangerous by doors that quickly snapped closed" because "this assertion was not contained in her complaint or presented * * * in any form [of evidence] that could be considered for purposes of a motion for summary judgment."  Last, the court noted any pending or motions not expressly addressed by this judgment were overruled.  (June 28, 2022 Judgment.)

**{¶19}**  Appellant appealed.

Assignments of Error

**{¶20}**  Appellant does not identify succinct assignments of error but generally makes two arguments.  First, she contends Appellees' entryway and threshold were not in compliance with applicable Ohio building code regulations, and as such, Appellees are negligent per se.  Thus, she claims the open and obvious doctrine is inapplicable and reversal is required.

**{¶21}**  Second, she argues genuine issues of material fact exist about the entryway and the cause of her fall, which preclude the application of the open and obvious doctrine and an award of summary judgment in Appellees' favor.  For the following reasons, both arguments lack merit.

**{¶22}**  Appellate courts review summary judgment decisions anew and apply the same standard used by the trial court. Civ.R. 56(C) dictates the summary judgment standard.

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

<u>Case No. 22 MA 0079</u>

Negligence per se

**{¶23}** Appellant's claim that the entryway and threshold did not comply with applicable Ohio building codes was sufficiently raised to the trial court via Appellant's arguments and her citation to building code regulations. "Ohio law does not require negligence per se to be pled with particularity because negligence and negligence per se are closely intertwined concepts and Ohio's Civ.R. 8 requires only notice pleading." *Base-Smith v. Lautrec, Ltd.,* 12th Dist. Butler No. CA2013-07-115, 2014-Ohio-349, ¶ 4, fn. 2; *Gress v. Wechter,* 6th Dist. Huron No. H-12-023, 2013-Ohio-971.

**{¶24}** Appellant argues the open and obvious doctrine does not apply here because Appellees' entryway or threshold on which she tripped and fell was in violation of Ohio's commercial building code. Thus, she contends they were negligent per se.

**{¶25}** To succeed in an action for negligence, a plaintiff must show the existence of a duty, a breach of duty, and the breach of duty was the proximate cause of the plaintiff's injuries. *Galo v. Carron Asphalt Paving, Inc.,* 9th Dist. Lorain No. 08CA009374, 2008-Ohio-5001, ¶ 8, citing *Chambers v. St. Mary's School,* 82 Ohio St.3d 563, 565, 697 N.E.2d 198 (1998). The practical effect of a statutory violation or negligence per se is the statutory violation satisfies the breach and duty elements of negligence. *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 15. A plaintiff must still prove causation and damages. *Id.* Negligence per se is an exception to the open and obvious doctrine. It "does not override statutory duties." *Id.* at ¶ 14.

**{¶26}** The Ohio Building Code, however, consists of administrative rules enacted and created by administrative agency employees. Because administrative rules are not legislation enacted by the General Assembly, a violation does not constitute negligence per se and the open and obvious doctrine still applies. *Lang, supra,* at ¶ 20; *Chambers, supra*, at 568; *Cika-Heschmeyer v. Young*, 7th Dist. Mahoning No. 18 MA 0048, 2019-Ohio-502, ¶ 23.

**{¶27}** Because the codes Appellant claims were violated are administrative code violations, negligence per se does not apply. Thus, the open and obvious doctrine is still viable. *Id.*

**{¶28}** In support of this argument, Appellant relies on *McHugh v. Zaatar*, 9th Dist. Lorain No. 14CA010591, 2015-Ohio-143, for the proposition that a building code violation amounts to negligence per se. However, *Zaatar* explicitly held that a building code

violation does *not* amount to negligence per se. *Id.* at ¶ 25. Instead, it was the landlord's violation of R.C. 5321.04(A)(1) and (A)(2) that constituted negligence per se in that case. These sections of the Ohio Revised Code are legislative enactments. Among other things, R.C. 5321.04(A)(1) and (A)(2) require a landlord, who is a party to a residential rental agreement, to comply with applicable building code regulations affecting health, safety, and keeping the premises in a fit and habitable condition. *Id.* at ¶ 24. Here, the property at issue was commercial and not residential. Moreover, Appellant does not allege Appellees violated these sections of the Revised Code or any section of the Revised Code.

**{¶29}** Accordingly, Appellant's first argument lacks merit.

<u>Genuine Issues of Material Fact</u>

**{¶30}** Appellant's second argument asserts the trial court erred in granting summary judgment because genuine issues of material fact exist. A "material fact" for summary judgment depends on the type of claim being litigated. *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505 (1986).

> [W]e must be mindful that "'[s]ummary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. * * * ' " (Citations omitted.) *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 2, 433 N.E.2d 615, 616, quoting *Vetovitz Bros., Inc. v. Kenny Constr. Co.* (1978), 60 Ohio App.2d 331, 332, 14 O.O.3d 292, 293, 397 N.E.2d 412, 414.

*Osborne v. Lyles*, 63 Ohio St.3d 326, 333, 587 N.E.2d 825 (1992).

**{¶31}** Furthermore, "the trial court is not permitted to weigh the evidence or choose among reasonable inferences. *Dupler v. Mansfield Journal Co.* (1980), 64 Ohio St.2d 116, 121, 413 N.E.2d 1187. Rather, the court must evaluate the evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving

party. *Id.*" *Stewart v. Urig*, 176 Ohio App.3d 658, 2008-Ohio-3215, 893 N.E.2d 245, ¶ 10 (9th Dist.).

**{¶32}** As stated, to establish actionable negligence, Appellant must show the existence of a duty, a breach of duty, and an injury proximately resulting from the breach. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998); *Zuzan v. Shutrump*, 155 Ohio App.3d 589, 2003-Ohio-7285, 802 N.E.2d 683, ¶ 6 (7th Dist.).

**{¶33}** The legal duty owed by a landowner to one who enters upon his land depends on the status of the entrant. *Shump v. First Continental-Robinwood Assoc.,* 71 Ohio St.3d 414, 417, 644 N.E.2d 291 (1994). Appellant was a business invitee at the time she fell. As a business invitee, Appellees owed her a duty of "ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. * * * A shopkeeper is not, however, an insurer of the customer's safety." (Citations omitted.) *Paschal v. Rite Aid Pharmacy, Inc.,* 18 Ohio St.3d 203, 203-204, 480 N.E.2d 474 (1985).

**{¶34}** A storeowner has a duty to exercise ordinary care and to protect customers by maintaining the premises in a safe condition. This duty includes warning invitees of latent defects of which it has actual or constructive knowledge. *Allen v. 5125 Peno, LLC*, 2017-Ohio-8941, 101 N.E.3d 484, ¶ 10 (11th Dist.).

**{¶35}** However, if a condition on one's property is open and obvious, then an owner has no duty to warn her guest of the danger because the landowner may reasonably expect individuals encountering the condition to discover the danger and take appropriate measures to protect themselves from it. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). The rationale for the doctrine is the open and obvious nature of the hazard itself is sufficient warning to the individual encountering it. *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶ 10 (2d Dist.), quoting *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. The open-and-obvious test " 'properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.' " *Id.*

**{¶36}** The critical inquiry is whether the danger is "discoverable or discernible by one acting with ordinary care under the circumstances." *Holcomb v. Holcomb*, 12th Dist. Clermont No. CA 2013-10-080, 2014-Ohio-3081, ¶ 16, quoting *Vanderbilt v. Pier 27, LLC*,

2013-Ohio-5205, 2 N.E.3d 966, ¶ 12 (12th Dist.).  The injured party must not have actually seen the condition before encountering it.  Instead, we must decide whether a reasonable person exercising ordinary care in the same circumstances would have perceived the risk, avoided it, and prevented injury.  *Id.*

**{¶37}** Whether a person owes a duty of care to protect individuals against an open and obvious danger is generally an issue of law for a court to decide.  However, whether the hazard in a case is open and obvious is a fact-driven issue which "may involve a genuine issue of material fact, which a trier of fact must resolve."  *Henry v. Dollar Gen. Store*, 2d Dist. Greene No. 2002-CA-47, 2003-Ohio-206, ¶ 10, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

**{¶38}** Whether a risk is open and obvious can be decided by a court as a matter of law when only one conclusion can be drawn from the established facts.  *McDonald v. Marbella Restaurant*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 30; *Ray v. Wal-Mart Stores, Inc.*, 4th Dist. Washington No. 08CA41, 2009-Ohio-4542, ¶ 29.  If reasonable minds could disagree about whether the condition presents an open and obvious danger, then the trier of fact must resolve this issue before a court determines as a matter of law that the landowner has a duty.  *Schmitt v. Duke Realty, LP*, 10th Dist. Franklin No. 04AP-251, 2005-Ohio-4245; *Henry*, supra, at ¶ 11.

**{¶39}** Here, the undisputed facts in evidence do not permit reasonable minds to reach different conclusions, and as such, a jury question does not exist.

**{¶40}** Appellant identifies two facts as precluding the application of the open and obvious doctrine.  She argues the threshold in the entryway was *not* an open condition based on the fact that the rise or elevation difference was obstructed from her view as she traversed through the doorway because the door was closed.  Appellant, however, does not identify evidence showing the threshold or doorway was obstructed in this manner.  Although she did raise arguments of fact in certain trial court filings, she did not produce, offer, or file evidence supporting these contentions.  She provided no evidence in furtherance of her contentions.

**{¶41}** Appellant also claims the automatic door snapped closed quickly which caused her to fall.  This factual allegation is likewise in Appellant's trial court filing but is not contained in evidentiary materials.  Appellant did not file or attach an affidavit or deposition testimony in support of her assertions.  Thus, we cannot consider the

allegations since they are not in evidence. See *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); Civ.R. 56(E) (requiring the nonmoving party to put forth summary judgment compliant evidence that sets forth specific facts showing there is a genuine issue for trial).

**{¶42}** The only deposition testimony submitted was the deposition of Lisa Alexi, an employee of Hanger Clinic. Neither Appellant nor her representatives were present for the deposition, yet defense counsel stated on the record that Appellant was notified and did not attend.

**{¶43}** Alexi was employed by Hanger Clinic as a billing specialist. She testified Appellant was a patient at the clinic before and after her fall at Hanger's Boardman, Ohio location. Alexi was the senior office administrator at the time of her deposition and was present on the day Appellant fell.

**{¶44}** Appellant was at the business to have her orthotic adjusted. This was not her first visit to this location. Alexi could not recall what type of orthotic Appellant had.

**{¶45}** On the day of the accident, Appellant entered the office through the patient entrance, which is the front door. The door has a button which enables it to be opened automatically.

**{¶46}** Alexi, as part of her job, had to unlock and lock this door. Alexi is not aware of any other customers falling in this entryway. Alexi used a different entrance or the employee entrance.

**{¶47}** Alexi agreed the photo exhibits shown to her during the deposition accurately depicted the area on the date of Appellant's fall. The photographs depict the front door threshold over which patients entered the building. Alexi agreed this photo depicted the entranceway floor and threshold leading from outside as consisting of three different materials. Upon entering this office from outside, one would encounter three different surfaces. Outside there was a black "pressure pad to recognize weight." Then, there is a bricked area bordering the black pad. Next, is a metal threshold. And inside the entrance, was a tiled floor. The different flooring types and materials were readily discernible. (Depo. p. 17.)

**{¶48}** The photographs show the entranceway as consisting of one door, which per the testimony came from the outside. Then there is a tiled breezeway and a second

door, which is closed in the photos. Between the two doors, there are two rubber-edged floor mats and a heat register.

{¶49} Defense counsel asked Alexi about the weather that day and if it was light out at the time, and Alexi could not recall. Defense counsel also asked Alexi if there "were * * * problems with wet surfaces or anything like that." Alexi again said she did not remember. (Depo. p. 16-17.)

{¶50} Alexi agreed the outside door was automatic and allowed patrons entering from the parking lot to push a button, which activated the door and caused it to open automatically. Alexi was not asked and did not state whether Appellant used this automatic door function on the date of her fall or if Appellant manually opened it. (Depo. p. 18.)

{¶51} According to Alexi, Appellant was carrying a cup of coffee at the time of her fall, and Alexi heard it hit the floor. Alexi did not see her fall. She went to assist Appellant and noticed she was also carrying a bag of shoes, her purse, and a thermos. Appellant was alone at the time. Alexi agreed that nothing was wrong with the lighting that day.

{¶52} Alexi also confirmed Appellant did not complain about being distracted "by anything or anyone as she" entered the building. (Depo. p. 20.) Alexi also agreed there was no gap or step in the entryway flooring and "this threshold is kind of flush with the ground." (Depo. p. 23.) After Appellant fell, Alexi agreed she did not observe a "defect or problem in that area * * *." Alexi was not asked and did not identify what caused Appellant to fall.

{¶53} Alexi explained depending on the day of the week, Hanger would have anywhere from 10 to 50 patients per day. Hanger was at this location for about 18 years, and the photo exhibits depict how the entrance looked for the duration of this time. Alexi agreed that during this period, she was not aware of any other individuals falling.

{¶54} Appellees claim the nature of the entryway and threshold were discernable and visible, not hidden, and Appellant would not have fallen had she been watching where she was walking.

{¶55} The evidence presented by way of deposition testimony and photographs establishes the nature of the entryway as consisting of three different flooring materials. Further, the metal threshold in between the brick and floor tile is readily apparent in the photographs and is consistent with Alexi's testimony. Whether Appellant was aware of

the threshold and different flooring types upon opening the door that day is not in evidence. But what is in evidence shows the nature of the doorway and the open and visible nature of the different flooring materials and the metal threshold were readily visible. Thus, the condition was open and obvious. *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13.

**{¶56}** Accordingly, because the condition of the entryway was open and observable, the trial court correctly applied the open and obvious doctrine, and found Appellees owed no duty of care. *Id.* The factual allegations on which Appellant relies are not in evidence, and thus, we cannot consider them.

Conclusion

**{¶57}** Based on the foregoing, Appellant's arguments on appeal lack merit, and the trial court's decision is affirmed.

Waite, J., concurs.

Powell, J., concurs.

Case No. 22 MA 0079

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**