[Cite as *Yambar v. Top Hat Prods., Inc.*, 2023-Ohio-2965.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

SANDRA J. YAMBAR,

Plaintiff-Appellant,

v.

TOP HAT PRODUCTIONS, INC. ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 MA 0123**

---

Civil Appeal from the
Court of Common of Mahoning County, Ohio
Case No. 2019 CV 294

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ilan Wexler* and *Atty. David M. Moore*, Anzellotti, Sperling, Pazol & Small Co., LPA, 21 N. Wickliffe Circle, Youngstown, Ohio 44515, for Plaintiff-Appellant and

*Atty. Craig G. Pelini* and *Atty. Joseph A. Ferrante*, Pelini, Campbell & Ricard, LLC, 8040 Cleveland Avenue NW, #400, North Canton, Ohio 44720, for Defendants-Appellees.

Dated: August 24, 2023

**HANNI, J.**

{¶1}   Plaintiff-Appellant, Sandra J. Yambar, appeals from a Mahoning County Common Pleas Court judgment granting summary judgment in favor of Defendants-Appellees, Top Hat Productions, Inc. and Top Hat Productions, LLC, on Appellant's claim for premises liability for injuries she sustained while using the restroom.

{¶2}   The facts in this case are largely uncontested. On October 18, 2014, Appellant attended a performance at the Top Hat Productions theater.  At the time, Appellant used two canes for assistance while walking.  During intermission, Appellant used the women's restroom.  She entered a stall and seated herself on the toilet.  She placed her two canes in the corner against a wall of the stall.  When Appellant went to get up, she held onto and pushed down on the grab bar attached to the stall wall on her right.  The grab bar detached from the wall, causing Appellant to fall.  She could not get up.  Appellant yelled for assistance.  An ambulance was called and Appellant was taken to the hospital.  She was discharged the following day, and subsequently transferred to a nursing home for a few weeks to recover from her injuries.

{¶3}   Neither Appellant nor Appellees' representative, Brian Palumbo, the President and Director of Top Hat Productions witnessed any visual or physical issue with the grab bar preceding the incident.  There are differing accounts on whether Appellant sat on the grab bar, after using the commode, prior to it breaking off the wall.   In Appellant's deposition she states she did not sit on the grab bar.  In the deposition of Brian Palumbo, who was present the evening of the incident, he recalled Appellant stating once outside of the bathroom that, "I shouldn't have sat on the bar."  (Tr. 26).

{¶4}   Appellees also enlisted an architect for an expert opinion of the bathroom stall. On November 9, 2021, Richard Kraly conducted a site inspection at the theater.  This was his only inspection, occurring seven years after the incident and involving a similar grab bar from the incident and installed in the same position.  His conclusion was that the bathroom stall where the incident took place was compliant with the building codes that existed when the building was constructed in 1957, and remodeled in 1974.

{¶5}   Appellant enlisted an architect for an expert opinion regarding the condition of the bathroom stall.  On December 2, 2021, Richard Zimmerman conducted a site

inspection at the theater. In the same way as the Appellees' expert, this was his only inspection, occurring seven years after the incident and involving a similar grab bar from the incident that had been installed in the same position. Zimmerman claimed violations were found in the bathroom stall and surrounding area. Zimmerman opined that the grab bar in place at the time of the incident could not sufficiently sustain pressure to resist a concentrated load of 250 pounds.

{¶6} The grab bar had been in use since occupancy of the building by Appellees in 2004. At that time, an inspection was completed by the City of Youngstown that included the women's restroom where the incident took place. No violations of code related to the grab bar were determined at that time or since. The grab bar had not been altered until after the incident occurred.

{¶7} On February 7, 2019, Appellant filed a complaint against Appellees and Palumbo bringing a claim for premises liability. Appellant later dismissed Palumbo from the suit. Appellees filed a motion for summary judgment on April 28, 2022. The trial court granted the motion on October 26, 2022. The court found Appellees had no notice, either actual or constructive, of the condition of the grab bar that caused Appellant's injury.

{¶8} Appellant filed a timely notice of appeal on November 23, 2022. She now raises a single assignment of error.

{¶9} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES.

{¶10} Appellant contends a genuine issue of material fact exists to preclude summary judgment. Appellant believes Appellees owed invitees, such as herself, a duty of care that included reasonable inspections of the restroom grab bar. The duty of care requirement Appellant hinges her argument on is based upon whether Appellees' cleaning and the physical pressure applied while cleaning the grab bar constituted a sufficient inspection. Appellant believes that the routine cleaning of the grab bar was not a sufficient inspection. Additionally, Appellant argues that the admitted rusting of the restroom stall metal door by Appellees due to cleaning over a long period of time,

contributed to Appellees having constructive knowledge that a potential hazard may have existed with the grab bar.

**{¶11}** An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶12}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit, 2015-Ohio-4167, 44 N.E.3d 1011, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶13}** If the moving party meets its burden, then the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶14}** A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996).

**{¶15}** In this case, Appellant was Appellees' business invitee. "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio University*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). Generally, a premises owner owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Id.*; *Presley v. City of Norwood*, 36 Ohio St.2d 29, 31, 303

N.E.2d 81 (1973). "A shopkeeper is not, however, an insurer of the customer's safety." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985).

**{¶16}** A business owner has a duty to exercise ordinary care and to protect its patrons by maintaining the premises in a safe condition. *Dintino v. Hanger Prosthetics & Orthotics E., Inc.*, 7th Dist. Mahoning No. 22 MA 0079, 2023-Ohio-797, ¶ 34. The business owner's duty includes warning invitees of latent defects of which it has actual or constructive knowledge. *Id.*, citing *Allen v. 5125 Peno, L.L.C*, 11th Dist. Trumbull No. 2016-T-0120, 2017-Ohio-8941, ¶ 10.

**{¶17}** In this case, Appellees did not have actual notice of the grab bar's defective condition. The question is whether Appellees had constructive notice of the grab bar's condition, thereby requiring them to warn invitees such as Appellant of the defect.

**{¶18}** "If a plaintiff cannot show that a defendant had actual knowledge of an existent hazard, evidence as to the length of time the hazard had existed is necessary to support an inference that defendant had constructive notice." *Presley v. City of Norwood*, 36 Ohio St.2d 29, 32, 303 N.E.2d 81 (1973).

**{¶19}** Appellant argues that the length of time the grab bar had been in use, coinciding with the known accumulation of rust on nearby surfaces, produced the need for a more thorough inspection. Appellant believes a thorough inspection was not conducted, resulting in a lack of ordinary care.

**{¶20}** Palumbo stated that Appellees had owned the building for ten years prior to this incident. The Youngstown Building Department inspected the premises at that time and did not report any defects. (Palumbo Dep. 13). Appellees did not modify the grab bar at all. (Palumbo Dep. 36-37). At no time before Appellant's accident were there ever any complaints about the grab bar. (Palumbo Affidavit).

**{¶21}** In his deposition, Palumbo described cleaning the grab bar in the days leading up to Appellant's accident. Palumbo stated that he cleaned the restroom, including the grab bar, four times in the three days prior to Appellant's accident. (Palumbo depo. 29-30). In so doing he applied pressure to the grab bar. (Palumbo depo. 39). He did not notice any looseness or instability with the grab bar. (Palumbo Affidavit).

**{¶22}** Likewise, Appellant did not notice any looseness or instability with the grab bar prior to her fall. Appellant stated that she "probably" touched the grab bar as she sat onto the toilet. (Yambar Dep. 84-85). She stated she did not notice a problem with the grab bar because "if [she] would have noticed the problem, [she] wouldn't have used * * * pushed up on it." (Yambar Dep. 85). And she admitted that when she looked at the grab bar, it looked okay. (Yambar Dep. 89).

**{¶23}** Although Appellant produced evidence that she fell and was injured when using the grab bar, she failed to establish how long the grab bar may have been in a defective condition. The only support offered to establish the potential awareness of the grab bar's faulty condition, is the accumulation of rust on a nearby stall's metal door. But there was no evidence of rust or any other signs of a defect with the stall used by Appellant and, importantly, no signs of any defect with the grab bar. Evidence of how long the grab bar had been in a defective state is required in order to support an inference that Appellees breached a duty of ordinary care to Appellant.

**{¶24}** Constructive notice in premises liability requires direct or circumstantial evidence that, in the exercise of ordinary care, the business had or should have had notice of the hazard due to the length of time the hazard existed. *Brymer v. Giant Eagle, Inc.,* 11th Dist. Lake No. 2010-L-134, 2011-Ohio-4022. Appellant has failed to present any evidence that Appellees had notice or should have had notice of the defective grab bar in the time leading up to her fall.

**{¶25}** In sum, Palumbo's regular cleaning with direct pressure applied to the grab bar in the days leading up to Appellant's fall revealed no defects with the grab bar. Additionally, the undisputed testimony of both Appellant and Palumbo confirmed they did not observe any defect with the grab bar. Moreover, the restrooms and grab bar had been in use for over ten years without incident or complaint of any defects.

**{¶26}** In sum, when construing the evidence most strongly in Appellant's favor, reasonable minds can only conclude that Appellant has failed to demonstrate a genuine issue of material fact. Thus, the trial court properly awarded summary judgment in Appellees' favor.

{¶27} Accordingly, Appellant's sole assignment of error is without merit and is overruled.

{¶28} For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**