**Opinion issued June 2, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00706-CV

———————————

**MARIA MACIAS-GARCIA, Appellant**

**V.**

**MOODY GARDENS, INC., Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. CV-0091873**

---

## MEMORANDUM OPINION

Appellant, Maria Macias-Garcia, challenges the trial court's rendition of summary judgment in favor of appellee, Moody Gardens, Inc. ("Moody Gardens"), in her suit against Moody Gardens for negligence. In her sole issue, Macias-Garcia

contends that the trial court erred in granting summary judgment in favor of Moody Gardens.

We affirm.

## Background

In her petition, Macias-Garcia alleged that on March 12, 2022, she was an invitee at an aquarium facility owned, operated, managed, and maintained by Moody Gardens in Galveston, Texas. According to Macias-Garcia, she "slipped and fell due to a premises condition that posed an unreasonable risk of harm to [her] and others." As a result of her fall, Macias-Garcia suffered a right ankle fracture, which required surgical intervention and resulted in "a right leg blood clot." Macias-Garcia alleged that Moody Gardens "had actual knowledge of the danger posed by the premises condition," but she "had no knowledge of the unreasonably dangerous condition before her injury."

Macias-Garcia brought a claim for negligence against Moody Gardens, asserting that Moody Gardens was negligent:

- "[i]n failing to maintain the premises in question in a reasonably safe condition and free of hazards to [Macias-Garcia] and other invitees entering the premises";

- "[i]n failing to correct the unreasonably dangerous condition";

- "[i]n failing to adequately warn invitees, including [Macias-Garcia], of the unreasonably dangerous condition";

2

- "[i]n failing to properly train its agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe"; and

- "[i]n failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe."

According to Macias-Garcia, the negligence of Moody Gardens proximately caused her injuries. Macias-Garcia sought damages.

Moody Gardens answered, generally denying the allegations in Macias-Garcia's petition and asserting, among other things, that the premises condition about which Macias-Garcia complained was open, obvious, and known to her, the premises condition did not pose an unreasonable risk of harm, it had provided adequate warnings as to the premises condition, and it had fulfilled any duty owed to Macias-Garcia in connection with the condition.

Moody Gardens then moved for summary judgment on Macias-Garcia's negligence claim against it, asserting that it was entitled to judgment as a matter of law. According to Moody Gardens, although not alleged by Macias-Garcia in her petition, it was undisputed that she had fallen "at the simulated sandbar at the mangrove touch tank exhibit located in the Aquarium Pyramid" at the Moody Garden's property. The "mangrove tank" was "a touch tank wherein guests c[ould] touch rays and small sharks." (Internal quotations omitted.) The "simulated sandbar serve[d] as steps enabling guests [of the aquarium] to reach into the touch tank

3

should they choose to do so"; however, guests could "also access the touch tank without ascending the sandbar."

Moody Gardens explained that "[g]uests of the Aquarium Pyramid enter[ed] the room where the touch tank [was] located from one direction," and "[f]acing the [guests] as they proceed[ed] into the room [was] a square blue column." "A rope running in front of the simulated sandbar funnel[ed] [guests] to the right," and "[a]s guests continue[d] into the room, they walk[ed] by the column and the first two (of three) warning signs." Guests could see the warning signs as they approached the square blue column, and the signs stated: "**CAUTION WATCH YOUR STEP**." The signs also "depict[ed] an individual falling."

According to Moody Gardens, the rope then "guide[d] guests to the right where they [were] to wash their hands before proceeding to the touch tank." "As guests finish[ed] washing their hands and turn[ed] towards the touch tank and the simulated sandbar, they then face[d] a third identical sign mounted to a third side of the [square] blue column and bearing the same warning and graphic." "The warning sign [was] in immediate proximity to the simulated sandbar where [Macias-Garcia] fell."

Moody Gardens stated that "all three warning signs (facing in three different directions as one approache[d] the touch tank) were present at the time [that] Macias-Garcia fell," and Macias-Garcia, in her deposition, did not "dispute that the

4

warning signs were present at the time she fell." Further, Macias-Garcia "did not fall while ascending the simulated sandbar." Instead, Macias-Garcia had already "chosen to and then ascended the sandbar," "reached into the touch tank for an unknown period of time while standing on top of the simulated sandbar," and "turned around to walk away and exit the area." She fell while walking away from the simulated sandbar. Macias-Garcia asserted that she had fallen because "the surface was uneven," but she also did not know what caused her fall.

Moody Gardens, in its motion, argued that it was entitled to judgment as a matter of law on Macias-Garcia's negligence claim because it did not owe her a duty as the condition about which she complained was open and obvious, and Macias-Garcia actually knew of the condition, i.e., the uneven surface, before she fell. Further, even if the condition was not open and obvious or known by Macias-Garcia, Moody Gardens discharged any duty owed to her by warning her of the condition that caused her fall.[1]

In response to Moody Gardens' summary-judgment motion, Macias-Garcia argued that Moody Gardens did not establish that it was entitled to judgment as a matter of law on her negligence claim because it had not "conclusively established

---

[1] Moody Gardens attached to its summary-judgment motion, among other exhibits: the affidavit of Kyle A. Pacini, its Safety/Risk Manager; an incident/accident report related to Macias-Garcia's fall; photographs of the "mangrove touch tank area in the Aquarium [Pyramid]"; and excerpts from Macias-Garcia's deposition testimony.

that the condition[] that caused [Macias-Garcia's] fall [was] 'open and obvious' or known to [Macias-Garcia] before the fall" and "there [was] an obvious fact issue regarding the adequacy of [Moody Gardens'] weak warning that [needed to] be resolved by the [j]ury."

According to Marcias-Garcia, "the uneven, wet and dimly lit condition of the simulated sandbar" was not open and obvious or known to her before she fell because March 12, 2022 was the first time that she had ever visited the "mangrove exhibit." Further, Macias-Garcia "was unaware of the location and extent of [the] unmarked elevation changes as she traversed the simulated sandbar because [she] was looking at the mangrove exhibit and not staring at the floor." (Emphasis omitted.) She did not know that the "simulated sandbar was constantly wet because [guests] who visited the exhibit before [her] would customarily and routinely place their hands into the water in the exhibit and shake off their wet hands onto the simulated sandbar floor surface prior to reaching the washing and drying station located away from the simulated sandbar." According to Macias-Garcia, there were no "verbal warnings" about the elevation changes and the presence of water on the floor provided to her. (Emphasis omitted.)

Macias-Garcia also asserted that she never saw "any warning signs regarding the uneven, wet and dimly lit condition of the simulated sandbar before she fall because her view of the inadequate signage was obstructed due to the big crowd of

6

people in the exhibit during a very busy [s]pring [b]reak weekend." "The only locations of the three . . . vague, 'watch your step' warning signs which ma[de] no reference at all to the slippery and constantly wet surface of the simulated sandbar were located on three sides of a column that [was] outside and not within the perimeter of the simulated sandbar." Thus, the adequacy of the warning signs was a question for the jury to resolve.[2]

In its reply to Macias-Garcia's response, Moody Gardens explained that, despite her summary-judgment response, in her deposition testimony, Macias-Garcia stated that she did not know whether there was water on the simulated sandbar at the time of her fall, and she had not alleged that inadequate lighting had caused her fall.

Further, although Macias-Garcia asserted in her response that she did not have knowledge of the condition causing her fall, before her fall, she had "chose[n] to ascend the simulated sandbar," "stood on it for an unknown period of time," and only fell "while exiting the very attraction that she had been standing on." Thus, her "claim that she was not aware of the uneven surface c[ould not] be true." And

---

[2] Macias-Garcia attached to her summary-judgment response, the following exhibits: her affidavit; certain photographs; excerpts from her deposition testimony; excerpts from Pacini's deposition testimony; and an incident/accident report related to the fall of another person.

Moody Gardens, as the owner of the premises, was not required to keep invitees safe from conditions that were open and obvious and known.

Finally, Moody Gardens asserted that Macias-Garcia's claim that she did not see the warning signs did not mean that the signs were not present and that Moody Gardens' duty had not been satisfied.

The trial court granted Moody Gardens' summary-judgment motion and ordered that Macias-Garcia take nothing on her negligence claim against Moody Gardens.

**Standard of Review**

We review a trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. When, as here, the trial court does not specify the grounds on which it granted summary judgment, we must affirm if any of the summary-judgment grounds are meritorious. *See Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

8

To prevail on a matter-of-law summary-judgment motion, the movant has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. *See* TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When the defendant moves for a matter-of-law summary judgment, it must either: (1) disprove at least one essential element of the plaintiff's cause of action, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *See Cathey*, 900 S.W.2d at 341; *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant meets its burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcon. Ins. Co. v. Briggs Equip. Tr.*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded fact finders could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

**Summary Judgment**

In her sole issue, Macias-Garcia argues that the trial court erred in granting Moody Gardens' summary-judgment motion because there were "fact questions as to whether (1) the area was unreasonably dangerous, (2) [Macias-Garcia] saw the

warning signs posted by Moody Gardens, [and] (3) the warning[s] posted by Moody Gardens were sufficient to satisfy its duty to make the premises safe."

Premises liability is not strict liability. *See Wal–Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). And a premises owner "is not an insurer of [a] visitor's safety." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010) (internal quotations omitted); *see also Kroger Co. v. Elwood*, 197 S.W.3d 793, 795 (Tex. 2006). Instead, a premises owner's duty to an invitee[3] is to exercise reasonable care to make the premises safe. *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). A premises owner can satisfy this duty by eliminating an unreasonably dangerous condition or mitigating the condition so that it is no longer unreasonably dangerous. *Id.* A premises owner can also satisfy its duty, in most cases, by providing an adequate warning of the danger. *Id.*

When an invitee is aware of a dangerous premises condition—whether because the danger is obvious or because the premises owner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk in that the law presumes an invitee will take reasonable measures to protect against

---

[3]    The parties do not dispute Macias-Garcia's status as an invitee. *See Dabney v. Wexler–McCoy, Inc.*, 953 S.W.2d 533, 536 (Tex. App.—Texarkana 1997, pet. denied) ("An 'invitee' is defined as a person who goes on the premises of another in answer to the express or implied invitation of the owner or occupant on the business of the owner or occupant or for their mutual advantage.").

known risks. *Id.* at 203; *Advance Tire & Wheels, LLC v. Enshikar*, 527 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2017, no pet.).

Combined, these concepts present the general rule regarding a premises owner's duty to an invitee, which is "to make safe or warn against any concealed, unreasonably dangerous conditions of which the [premises] []owner is, or reasonably should be, aware but the invitee is not." *Austin*, 465 S.W.3d at 203.

A dangerous condition that an invitee reasonably should be aware of is one that is open and obvious. *See Dewberry Farm, LLC v. Elias as Next Friend of N.E.*, No. 01-18-01058-CV, 2020 WL 6589331, at *3 (Tex. App.—Houston [1st Dist.] Sept. 1, 2020, pet. dism'd) (mem. op.). Defects that are open and obvious or otherwise known to an invitee are outside the premises owner's general duty to warn. *Austin*, 465 S.W.3d at 203–04; *see also 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 912 (Tex. 2016) (no duty when premises condition is open and obvious); *Brookshire Grocery Co. v. Goss*, 262 S.W.3d 793, 795 (Tex. 2008) (no duty when invitee is aware of hazard).

Duty is a question of law. *Allen Keller Co. v. Foreman*, 343 S.W.3d 420, 425 (Tex. 2011); *Nicholson v. Smith*, 986 S.W.2d 54, 59 (Tex. App.—San Antonio 1999, no pet.). Relatedly, whether a defect qualifies as "open and obvious," such that there is no duty to warn, presents a question of law for the court. *Coffee v. F. W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976) (stating that "question of whether

11

or not a premises defect is open and obvious is for the court to decide as a matter of law"); *Tex. Dep't of Transp. v. Ramirez*, 566 S.W.3d 18, 25 (Tex. App.—San Antonio 2018, pet. denied).

These two no-duty circumstances—when a hazard is known to the invitee and when a hazard is open and obvious—are two sides of the same coin: one focused on the subjective knowledge of the invitee and the other on what would be reasonably observable to a person exercising ordinary care under an objective standard. *Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-CV, 2019 WL 2588103, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2019, pet. denied) (mem. op.).

Here, the condition Macias-Garcia complains about was the simulated sandbar at the mangrove touch tank exhibit. Photographs of the simulated sandbar, which were attached to Moody Gardens' summary-judgment motion, showed that the simulated sandbar was clearly a lighter color and a different texture from the regular flooring in the mangrove touch tank exhibit area, such that it stood out from the rest of the room. The differing texture also made the change in elevation of the simulated sandbar perceivable. Further, the simulated sandbar area was clearly designated and blocked off by a rope barrier.[4] *See e.g.*, *Born v. Fielder*, No.

---

[4]    The photograph of the simulated sandbar attached to Macias-Garcia's response shows the same circumstances. Pacini, Moody Gardens' Safety/Risk Manager, testified that the photographs attached to Moody Gardens' summary-judgment motion accurately depict the mangrove touch exhibit area on March 12, 2022 at the time Macias-Garcia fell.

05-25-00239-CV, 2026 WL 815111, at *3 (Tex. App.—Dallas Mar. 24, 2026, no pet.) (mem. op.) (reviewing photographs of condition to conclude it was open and obvious); *Smith v. Ranger Excavating, L.P.*, No. 03-24-00754-CV, 2025 WL 3165466, at *6 (Tex. App.—Austin Nov. 13, 2025, no pet.) (mem. op.) ("Objectively, a reasonably prudent person present at the job site in similar circumstances . . . would have seen the condition of the dirt-and-rock ramp that was not concealed or obscured from view and perceived the danger of slipping and falling while walking on it.").

A danger is open and obvious if a reasonably prudent invitee would have known and appreciated the nature and extent of the danger under similar circumstances. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). In this case, a reasonably prudent person present at the mangrove touch tank exhibit would have perceived the danger of slipping and falling on the simulated sandbar. *See, e.g.*, *Medallion Stores, Inc. v. Eidt*, 405 S.W.2d 417, 421–22 (Tex. Civ. App.—Texarkana 1966, writ ref'd n.r.e.) (platform on floor was open and obvious condition where it was "in plain sight" and "clearly perceptible" and defendant "did not conceal the display platform"); *see also Dintino v. Hanger Prosthetics & Orthotics E., Inc.*, 210 N.E.3d 641, 650 (Ohio Ct. App. 2023) ("[W]hat is in evidence shows the nature of the doorway and the open and visible nature of the different flooring materials and [that] the metal threshold w[as] readily visible.");

13

*cf. Coffee*, 536 S.W.2d at 541 (concluding platform not open and obvious condition where dispute in record as to "how much the color of the platform contrasted with the color of the [regular] floor" and witnesses testified "color of the platform blended in with that of the floor"). As such, we conclude that Moody Gardens had no duty, as a matter of law, to Macias-Garcia to warn against the condition about which she complains.

Additionally, we note that Macias-Garcia, in her briefing, fails to argue that the simulated sandbar condition was not an open and obvious condition. To obtain reversal of a summary-judgment ruling on appeal, an appellant must challenge all possible grounds on which a summary judgment could have been granted, whether properly or improperly. *See McCoy v. Rogers*, 240 S.W.3d 267, 271 (Tex. App.— Houston [1st Dist.] 2007, pet. denied); *see also Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex. 1990) (proscribing reversal of summary judgment without properly assigned error). If an appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied); *see also Britton v. Tex. Dep't of Crim. Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("[I]f an independent ground fully supports the complained-of ruling or judgment, but the appellant assigns no error to that independent ground, then

14

(1) we must accept the validity of that unchallenged independent ground . . . and thus (2) any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment.").

Moody Gardens moved for summary judgment arguing, among other things, that it was entitled to judgment as a matter of law on Macias-Garcia's negligence claim against it because it did not owe her a duty as the condition about which she complained was open and obvious. The trial court's granting of Moody Gardens' summary-judgment motion could have been based on a finding that the condition about which Macias-Garcia complained was open and obvious and thus Moody Gardens did not owe her, an invitee, any duty. Because, on appeal, Macias-Garcia failed to challenge this independent ground supporting the trial court's ruling, we must uphold the trial court's summary-judgment ruling. *See, e.g., Andrews v. Hayman*, No. 01-23-00038-CV, 2024 WL 234413, at *5–6 (Tex. App.—Houston [1st Dist.] Jan. 23, 2024, no pet.) (mem. op.); *see also Heritage Gulf Coast Props., Ltd. v. Sandalwood Apartments, Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet).

Based on the foregoing, we hold that the trial court did not err in granting Moody Gardens summary judgment on Macias-Garcia's negligence claim.

We overrule Macias-Garcia's sole issue.

15

## Conclusion

We affirm the judgment of the trial court.

Kristin Guiney
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.